James H.M. Sprayregen, P.C.
Paul M. Basta
Jennifer L. Marines
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Anup Sathy, P.C. (*pro hac vice* pending)
Marc J. Carmel (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654-3406
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Proposed Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) | Case No. 10-_____(___) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

**DEBTORS' MOTION FOR THE ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO (A) PREPARE A
LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED
MAILING MATRIX, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS'
50 LARGEST UNSECURED CREDITORS, AND (C) MAIL INITIAL NOTICES**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: GP AC Sublessee LLC (5992); Grand Prix Addison (RI) LLC (3740); Grand Prix Addison (SS) LLC (3656); Grand Prix Albany LLC (3654); Grand Prix Altamonte LLC (3653); Grand Prix Anaheim Orange Lessee LLC (5925); Grand Prix Arlington LLC (3651); Grand Prix Atlanta (Peachtree Corners) LLC (3650); Grand Prix Atlanta LLC (3649); Grand Prix Atlantic City LLC (3648); Grand Prix Bellevue LLC (3645); Grand Prix Belmont LLC (3643); Grand Prix Binghamton LLC (3642); Grand Prix Bothell LLC (3641); Grand Prix Bulfinch LLC (3639); Grand Prix Campbell / San Jose LLC (3638); Grand Prix Cherry Hill LLC (3634); Grand
(continued on next page)

Innkeepers USA Trust and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), file this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to (a) prepare a consolidated list of creditors in lieu of submitting any required mailing matrix, (b) file a consolidated list of the Debtors' 50 largest unsecured creditors, (c) mail initial notices through their proposed Notice and Claims Agent (as defined below), and (d) granting such other relief as is just and proper. In support of this Motion, the Debtors respectfully state as follows.[2]

---

Prix Chicago LLC (3633); Grand Prix Columbia LLC (3631); Grand Prix Denver LLC (3630); Grand Prix East Lansing LLC (3741); Grand Prix El Segundo LLC (3707); Grand Prix Englewood / Denver South LLC (3701); Grand Prix Fixed Lessee LLC (9979); Grand Prix Floating Lessee LLC (4290); Grand Prix Fremont LLC (3703); Grand Prix Ft. Lauderdale LLC (3705); Grand Prix Ft. Wayne LLC (3704); Grand Prix Gaithersburg LLC (3709); Grand Prix General Lessee LLC (9182); Grand Prix Germantown LLC (3711); Grand Prix Grand Rapids LLC (3713); Grand Prix Harrisburg LLC (3716); Grand Prix Holdings LLC (9317); Grand Prix Horsham LLC (3728); Grand Prix IHM, Inc. (7254); Grand Prix Indianapolis LLC (3719); Grand Prix Islandia LLC (3720); Grand Prix Las Colinas LLC (3722); Grand Prix Lexington LLC (3725); Grand Prix Livonia LLC (3730); Grand Prix Lombard LLC (3696); Grand Prix Louisville (RI) LLC (3700); Grand Prix Lynnwood LLC (3702); Grand Prix Mezz Borrower Fixed, LLC (0252); Grand Prix Mezz Borrower Floating, LLC (5924); Grand Prix Mezz Borrower Floating 2, LLC (9972); Grand Prix Mezz Borrower Term LLC (4285); Grand Prix Montvale LLC (3706); Grand Prix Morristown LLC (3738); Grand Prix Mountain View LLC (3737); Grand Prix Mt. Laurel LLC (3735); Grand Prix Naples LLC (3734); Grand Prix Ontario Lessee LLC (9976); Grand Prix Ontario LLC (3733); Grand Prix Portland LLC (3732); Grand Prix Richmond (Northwest) LLC (3731); Grand Prix Richmond LLC (3729); Grand Prix RIGG Lessee LLC (4960); Grand Prix RIMV Lessee LLC (4287); Grand Prix Rockville LLC (2496); Grand Prix Saddle River LLC (3726); Grand Prix San Jose LLC (3724); Grand Prix San Mateo LLC (3723); Grand Prix Schaumburg LLC (3721); Grand Prix Shelton LLC (3718); Grand Prix Sili I LLC (3714); Grand Prix Sili II LLC (3712); Grand Prix Term Lessee LLC (9180); Grand Prix Troy (Central) LLC (9061); Grand Prix Troy (SE) LLC (9062); Grand Prix Tukwila LLC (9063); Grand Prix West Palm Beach LLC (9065); Grand Prix Westchester LLC (3694); Grand Prix Willow Grove LLC (3697); Grand Prix Windsor LLC (3698); Grand Prix Woburn LLC (3699); Innkeepers Financial Corporation (0715); Innkeepers USA Limited Partnership (3956); Innkeepers USA Trust (3554); KPA HI Ontario LLC (6939); KPA HS Anaheim, LLC (0302); KPA Leaseco Holding Inc. (2887); KPA Leaseco, Inc. (7426); KPA RIGG, LLC (6706); KPA RIMV, LLC (6804); KPA San Antonio, LLC (1251); KPA Tysons Corner RI, LLC (1327); KPA Washington DC, LLC (1164); KPA/GP Ft. Walton LLC (3743); KPA/GP Louisville (HI) LLC (3744); KPA/GP Valencia LLC (9816). The location of the Debtors' corporate headquarters and the service address for their affiliates is: c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

[2] Information regarding the Debtors' business, the background of these Chapter 11 Cases (as defined herein), and further facts and circumstances supporting this Motion are set forth in the *Declaration of Dennis Craven, Chief Financial Officer of Innkeepers USA Trust, in Support of First-Day Pleadings* (the "**First Day Declaration**"), filed contemporaneously herewith.

**Jurisdiction**

1. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 342(a), and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007(a)(1) and (d) and 2002(a) and (f) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**").

**Relief Requested**

4. By this Motion, the Debtors seek entry of an order, in accordance with the Court's Amended General Order M-192 dated March 16, 1998, (a) authorizing the Debtors to prepare a consolidated list of creditors in lieu of submitting any required mailing matrix, (b) authorizing the Debtors to file a consolidated list of the Debtors' 50 largest unsecured creditors (the "**Top 50 Creditors List**"), (c) authorizing the Debtors to mail initial notices through their Proposed Notice and Claims Agent (as defined below), and (d) granting such other relief as is just and proper.

**Background**

5. On the date hereof (the "**Petition Date**"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment

3

of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of the Chapter 11 Cases.

**Basis for Relief**

6. There are 92 Debtor entities involved in these Chapter 11 Cases. The Debtors hold an aggregate of approximately $1.6 billion in liabilities. The Debtors estimate that they have over 5,000 potential creditors or other parties in interest on a consolidated basis.[3]

7. Contemporaneously with the filing of this Motion, and in accordance with Amended General Order M-192, the Debtors are seeking to retain Omni Management Group, LLC ("**Omni**") as their notice and claims agent in these Chapter 11 Cases (the "**Proposed Notice and Claims Agent**").[4] If such application is granted, the Proposed Notice and Claims Agent will, among other things, (a) assist with the consolidation of the Debtors' computer records into a creditor database and (b) complete the mailing of notices to the parties in such database.

---

[3] The Debtors' Hotel Managers employ approximately 2,580 employees at the Debtors' hotel properties pursuant to certain Hotel Management Agreements (as defined in and as described more fully in the *Debtors' Motion For the Entry of Interim and Final Orders Authorizing, But Not Directing, the Debtors to (A) Pay Certain Prepetition Wages, Salaries, and Reimbursable Employee Expenses, (B) Pay and Honor Certain Employee Medical and Other Benefits, and (C) Continue Employee Benefits Programs*). The Debtors will provide notice to the Hotel Managers in accordance with this Motion; however, the Debtors do not intend to provide notice directly to the Hotel Managers' employees. The Hotel Managers, in their discretion, may provide notice to their employees.

[4] The request to retain the Proposed Notice and Claims Agent is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties in interest so long as the costs of the services are paid for out of assets of the estate. *See* 28 U.S.C. § 156(c); *see also Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Omni Management Group, LLC as Notice and Claims Agent for the Debtors and Debtors in Possession*, filed contemporaneously herewith.

4

8. Specifically, the Debtors propose that the Proposed Notice and Claims Agent undertake all mailings directed by this Court, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), or as required by the Bankruptcy Code, including the notice of commencement of these Chapter 11 Cases. The Debtors believe that using the Proposed Notice and Claims Agent for this purpose will maximize efficiency in administering these Chapter 11 Cases and will ease administrative burdens that otherwise fall upon this Court and the U.S. Trustee. Additionally, the Proposed Notice and Claims Agent will assist the Debtors in preparing creditor lists and mailing initial notices.

9. After consultation with the Proposed Notice and Claims Agent, the Debtors believe that preparing the consolidated list will be sufficient to permit the Proposed Notice and Claims Agent to promptly provide notices to all applicable parties. Accordingly, the Debtors believe it will maximize efficiency and accuracy and reduce costs to maintain electronic-format lists of creditors rather than preparing and filing separate matrices.

**I.  Cause Exists To Authorize the Debtors To Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix.**

10. Unless a debtor's schedules of assets and liabilities are filed simultaneously with a chapter 11 petition, section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Bankruptcy Rule 1007-2 require a debtor to file a list containing the name and address of each creditor (collectively, the "**Notice Rules**"). In addition, and as discussed below, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the 20 largest unsecured claims against the debtor. Further, Bankruptcy Rule 2002(a)(1) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustee at least 21 days' notice

5

by mail of: (1) the meeting of creditors under § 341 or § 1141 of the Code . . . ." Fed. R. Bankr. P. 2002(a)(1). Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

11. Permitting the Debtors to maintain a consolidated list of their creditors in electronic format only, in lieu of filing a creditor matrix, is warranted under the circumstances of these cases. Indeed, because the Debtors have approximately 5,000 potential creditors and other parties in interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would be a burdensome task and would greatly increase the risk and recurrence of error with respect to information already intact on computer systems maintained by the Debtors or their agents.

12. The Debtors, working together with their Proposed Notice and Claims Agent, already have prepared a single, consolidated list of the Debtors' creditors in electronic format. The Debtors are prepared to make that list available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the clerk of this Court.

13. The Debtors submit that the proposed maintenance of an electronic list of creditors under the auspices of the Proposed Notice and Claims Agent is consistent with applicable Local Bankruptcy Rules. Local Bankruptcy Rule 1007-1 directs a debtor to comply with any standing orders issued by this Court regarding the filing of creditor lists. Pursuant to Amended General Order M-192, a debtor filing a petition with more than 1,000 creditors, such as

is the case here, is directed to contact the Clerk of the Court and to use the services of a process and claims agent to assist with such lists.[5]

14. Courts in this jurisdiction and others have approved relief similar to the relief requested in this Motion with respect to preparation of a consolidated, electronic list of a debtor's creditors. *See, e.g.*, *In re Citadel Broad. Corp.*, Case No. 09-17442 (Bankr. S.D.N.Y. Dec. 22, 2009); *In re The Reader's Digest Ass'n, Inc.*, Case No. 09-23529 (Bankr. S.D.N.Y. Aug. 26, 2009); *In re Lear Corp.*, Case No. 09-14326 (Bankr. S.D.N.Y. July 7, 2009); *In re ION Media Networks, Inc.*, Case No. 09-13125 (Bankr. S.D.N.Y. May 21, 2009); *In re Charter Commc'ns, Inc.*, Case No. 09-11435 (Bankr. S.D.N.Y. Mar. 30, 2009); *In re Tronox Inc.*, Case No. 09-10156 (Bankr. S.D.N.Y. Jan. 13, 2009); *In re Ziff Davis Media Inc.*, Case No. 08-10768 (Bankr. S.D.N.Y. Mar. 11, 2008); *In re Wellman, Inc.*, Case No. 08-10595 (Bankr. S.D.N.Y. Feb. 26, 2008); *In re DJK Residential LLC*, Case No. 08-10375 (Bankr. S.D.N.Y. Feb. 5, 2008).[6]

**II.  Cause Exists To Authorize the Debtors To File a Single Consolidated List of the Debtors' 50 Largest Unsecured Creditors.**

15. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because many creditors are shared amongst certain of the Debtors and the Debtors operate as a single business enterprise, the Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors.

---

[5] The Debtors contacted the Clerk of the Court before the Petition Date and will continue to maintain communications with this Court as necessary throughout these Chapter 11 Cases.

[6] Because of the voluminous nature of the orders cited herein and in paragraph 16 hereof, the orders are not attached to the Motion. Copies of these orders are available on request of Debtors' counsel.

16. The exercise of compiling separate top 20 creditor lists for each individual Debtor would consume an excessive amount of the Debtors' time and resources. Further, the Debtors believe a single, consolidated list of the Debtors' 50 largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors. As such, the Debtors believe that filing a single consolidated list of the 50 largest unsecured creditors in these Chapter 11 Cases is appropriate. Courts in this jurisdiction and others have approved relief similar to the relief requested in this Motion with respect to filing a single consolidated list of the largest unsecured creditors of debtor and its debtor affiliates. *See, e.g.*, *In re Citadel Broad. Corp.*, Case No. 09-17442 (Bankr. S.D.N.Y. Dec. 22, 2009); *In re The Reader's Digest Ass'n, Inc.*, Case No. 09-23529 (Bankr. S.D.N.Y. Aug. 26, 2009); *In re Lear Corp.*, Case No. 09-14326 (Bankr. S.D.N.Y. July 7, 2009); *In re ION Media Networks, Inc.*, Case No. 09-13125 (Bankr. S.D.N.Y. May 21, 2009); *In re Charter Commc'ns, Inc.*, Case No. 09-11435 (Bankr. S.D.N.Y. Mar. 30, 2009); *In re Tronox Inc.*, Case No. 09-10156 (Bankr. S.D.N.Y. Jan. 13, 2009); *In re Ziff Davis Media Inc.*, Case No. 08-10768 (Bankr. S.D.N.Y. Mar. 11, 2008); *In re Wellman, Inc.*, Case No. 08-10595 (Bankr. S.D.N.Y. Feb. 26, 2008); *In re DJK Residential LLC*, Case No. 08-10375 (Bankr. S.D.N.Y. Feb. 5, 2008).

### III. Authority To Mail Initial Notices to Creditors

17. As stated above, the Debtors propose that the Proposed Notice and Claims Agent undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the notice of commencement of these Chapter 11 Cases. The Proposed Notice and Claims Agent's assistance with mailing and preparation of creditor lists and notices will ease administrative burdens that otherwise would fall upon the Court and the U.S. Trustee. With such

assistance, the Debtors will be prepared to file a computer-readable consolidated list of creditors and also will be capable of undertaking all necessary mailings.

## Motion Practice

18. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Bankruptcy Rule 9013-1(a).

## Notice

19. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims; (c) the Debtors' prepetition secured lenders or, if known, their counsel; (d) counsel to the agent for the Debtors' proposed postpetition secured lenders; (e) counsel to Apollo Investment Corporation; (f) the parties to the Debtors' franchise agreements or, if known, their counsel; (g) the attorneys general for each of the States in which any of the Debtors conduct a substantial amount of its business operations; (h) the Internal Revenue Service; and (i) those parties who have formally filed a request for notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

## No Prior Request

20. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated: July 19, 2010 | /s/ *Paul M. Basta*<br>James H.M. Sprayregen, P.C.<br>Paul M. Basta<br>Jennifer L. Marines<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022-4611<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>and<br><br>Anup Sathy, P.C.<br>Marc J. Carmel<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654-3406<br>Telephone: (312) 862-2000<br>Facsimile: (212) 446-2200<br><br>Proposed Counsel to the Debtors<br>and Debtors in Possession |

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                                    | ) |                              |
|------------------------------------|---|------------------------------|
| In re:                             | ) | Chapter 11                   |
|                                    | ) |                              |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) | Case No. 10-_____(___)    |
|                                    | ) |                              |
| Debtors.                           | ) | Joint Administration Requested |
|                                    | ) |                              |

**ORDER AUTHORIZING THE DEBTORS TO (A) PREPARE
A LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED
MAILING MATRIX, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS'
50 LARGEST UNSECURED CREDITORS, AND (C) MAIL INITIAL NOTICES**

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: GP AC Sublessee LLC (5992); Grand Prix Addison (RI) LLC (3740); Grand Prix Addison (SS) LLC (3656); Grand Prix Albany LLC (3654); Grand Prix Altamonte LLC (3653); Grand Prix Anaheim Orange Lessee LLC (5925); Grand Prix Arlington LLC (3651); Grand Prix Atlanta (Peachtree Corners) LLC (3650); Grand Prix Atlanta LLC (3649); Grand Prix Atlantic City LLC (3648); Grand Prix Bellevue LLC (3645); Grand Prix Belmont LLC (3643); Grand Prix Binghamton LLC (3642); Grand Prix Bothell LLC (3641); Grand Prix Bulfinch LLC (3639); Grand Prix Campbell / San Jose LLC (3638); Grand Prix Cherry Hill LLC (3634); Grand Prix Chicago LLC (3633); Grand Prix Columbia LLC (3631); Grand Prix Denver LLC (3630); Grand Prix East Lansing LLC (3741); Grand Prix El Segundo LLC (3707); Grand Prix Englewood / Denver South LLC (3701); Grand Prix Fixed Lessee LLC (9979); Grand Prix Floating Lessee LLC (4290); Grand Prix Fremont LLC (3703); Grand Prix Ft. Lauderdale LLC (3705); Grand Prix Ft. Wayne LLC (3704); Grand Prix Gaithersburg LLC (3709); Grand Prix General Lessee LLC (9182); Grand Prix Germantown LLC (3711); Grand Prix Grand Rapids LLC (3713); Grand Prix Harrisburg LLC (3716); Grand Prix Holdings LLC (9317); Grand Prix Horsham LLC (3728); Grand Prix IHM, Inc. (7254); Grand Prix Indianapolis LLC (3719); Grand Prix Islandia LLC (3720); Grand Prix Las Colinas LLC (3722); Grand Prix Lexington LLC (3725); Grand Prix Livonia LLC (3730); Grand Prix Lombard LLC (3696); Grand Prix Louisville (RI) LLC (3700); Grand Prix Lynnwood LLC (3702); Grand Prix Mezz Borrower Fixed, LLC (0252); Grand Prix Mezz Borrower Floating, LLC (5924); Grand Prix Mezz Borrower Floating 2, LLC (9972); Grand Prix Mezz Borrower Term LLC (4285); Grand Prix Montvale LLC (3706); Grand Prix Morristown LLC (3738); Grand Prix Mountain View LLC (3737); Grand Prix Mt. Laurel LLC (3735); Grand Prix Naples LLC (3734); Grand Prix Ontario Lessee LLC (9976); Grand Prix Ontario LLC (3733); Grand Prix Portland LLC (3732); Grand Prix Richmond (Northwest) LLC (3731); Grand Prix Richmond LLC (3729); Grand Prix RIGG Lessee LLC (4960); Grand Prix RIMV Lessee LLC (4287); Grand Prix Rockville LLC (2496); Grand Prix Saddle River LLC (3726); Grand Prix San Jose LLC (3724); Grand Prix San Mateo LLC (3723); Grand Prix Schaumburg LLC (3721); Grand Prix Shelton LLC (3718); Grand Prix Sili I LLC (3714); Grand Prix Sili II LLC (3712); Grand Prix Term Lessee LLC (9180); Grand Prix Troy (Central) LLC (9061); Grand Prix Troy (SE) LLC (9062); Grand Prix Tukwila LLC (9063); Grand Prix West Palm Beach LLC (9065); Grand Prix Westchester LLC (3694); Grand Prix Willow Grove LLC (3697); Grand Prix Windsor LLC (3698); Grand Prix Woburn LLC (3699); Innkeepers Financial Corporation (0715); Innkeepers USA Limited Partnership (3956); Innkeepers USA Trust (3554); KPA HI Ontario LLC (6939); KPA HS Anaheim, LLC (0302); KPA Leaseco Holding Inc. (2887); KPA Leaseco, Inc. (7426); KPA RIGG, LLC (6706); KPA RIMV, LLC (6804); KPA San Antonio, LLC (1251); KPA Tysons Corner RI, LLC (1327); KPA Washington DC, LLC (1164); KPA/GP Ft. Walton LLC (3743); KPA/GP

(continued on next page)

Upon the motion (the "**Motion**")² of the Debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**") authorizing the Debtors to (a) prepare a consolidated list of creditors in lieu of submitting any required mailing matrix, (b) file a consolidated list of the Debtors' 50 largest unsecured creditors, and (c) mail initial notices through their proposed Notice and Claims Agent, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and due and proper notice of the Motion having been provided, and this Court having found that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and in the First Day Declaration, and at the Hearing, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

---

Louisville (HI) LLC (3744); KPA/GP Valencia LLC (9816). The location of the Debtors' corporate headquarters and the service address for their affiliates is: c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

² All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

K&E 16575781

2. The Debtors are authorized to file a consolidated list of the 50 largest unsecured creditors in the Debtors' Chapter 11 Cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

3. In lieu of submitting a formatted mailing matrix, the Debtors shall make available a single, consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

4. The Debtors, with the assistance of the Proposed Notice and Claims Agent (upon this Court's authorization), are authorized, but not directed, to undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the notice of commencement of these Chapter 11 Cases, and any other correspondence that the Debtors may wish to send to creditors.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Debtors and the Proposed Notice and Claims Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

K&E 16575781

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Date: _____, 2010

_____  
United States Bankruptcy Judge

K&E 16575781