James H.M. Sprayregen, P.C.
Paul M. Basta
Jennifer L. Marines
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Anup Sathy, P.C. (admitted *pro hac vice*)
Marc J. Carmel (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654-3406
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Proposed Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) | Case No. 10-13800 (SCC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF MOTIONS AND APPLICATIONS FILED,**
**INTERIM ORDERS ENTERED, HEARING ON SUCH MOTIONS AND**
**APPLICATIONS, AND OBJECTION DEADLINES THEREFOR**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: GP AC Sublessee LLC (5992); Grand Prix Addison (RI) LLC (3740); Grand Prix Addison (SS) LLC (3656); Grand Prix Albany LLC (3654); Grand Prix Altamonte LLC (3653); Grand Prix Anaheim Orange Lessee LLC (5925); Grand Prix Arlington LLC (3651); Grand Prix Atlanta (Peachtree Corners) LLC (3650); Grand Prix Atlanta LLC (3649); Grand Prix Atlantic City LLC (3648); Grand Prix Bellevue LLC (3645); Grand Prix Belmont LLC (3643); Grand Prix Binghamton LLC (3642); Grand Prix Bothell LLC (3641); Grand Prix Bulfinch LLC (3639); Grand Prix Campbell / San Jose LLC (3638); Grand Prix Cherry Hill LLC (3634); Grand Prix Chicago LLC (3633); Grand Prix Columbia LLC (3631); Grand Prix Denver LLC (3630); Grand Prix East Lansing LLC (3741); Grand Prix El Segundo LLC (3707); Grand Prix Englewood / Denver South LLC (3701); Grand Prix Fixed Lessee LLC (9979); Grand Prix Floating Lessee LLC (4290); Grand Prix Fremont LLC (3703); Grand Prix Ft. Lauderdale LLC (3705); Grand Prix Ft. Wayne LLC (3704); Grand Prix Gaithersburg LLC (3709); Grand Prix General Lessee LLC (9182); Grand Prix Germantown LLC (3711); Grand Prix Grand

**PLEASE TAKE NOTICE** that on July 19, 2010 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), each filed a voluntary petition for relief under title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that on July 20, 2010, the Court entered the Order Establishing Certain Notice, Case Management, and Administrative Procedures [Docket No. 56] (the "**Case Management Procedures Order**"), which included approval of the form of "Case Management Procedures" attached thereto. Attached hereto as **Exhibit A** is the Case Management Procedures Order (without the form of Case Management Procedures) with the actual Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that the motions listed below were approved on an interim basis on July 20, 2010, and will be heard by The Honorable Shelly C. Chapman,

---

Rapids LLC (3713); Grand Prix Harrisburg LLC (3716); Grand Prix Holdings LLC (9317); Grand Prix Horsham LLC (3728); Grand Prix IHM, Inc. (7254); Grand Prix Indianapolis LLC (3719); Grand Prix Islandia LLC (3720); Grand Prix Las Colinas LLC (3722); Grand Prix Lexington LLC (3725); Grand Prix Livonia LLC (3730); Grand Prix Lombard LLC (3696); Grand Prix Louisville (RI) LLC (3700); Grand Prix Lynnwood LLC (3702); Grand Prix Mezz Borrower Fixed, LLC (0252); Grand Prix Mezz Borrower Floating, LLC (5924); Grand Prix Mezz Borrower Floating 2, LLC (9972); Grand Prix Mezz Borrower Term LLC (4285); Grand Prix Montvale LLC (3706); Grand Prix Morristown LLC (3738); Grand Prix Mountain View LLC (3737); Grand Prix Mt. Laurel LLC (3735); Grand Prix Naples LLC (3734); Grand Prix Ontario Lessee LLC (9976); Grand Prix Ontario LLC (3733); Grand Prix Portland LLC (3732); Grand Prix Richmond (Northwest) LLC (3731); Grand Prix Richmond LLC (3729); Grand Prix RIGG Lessee LLC  (4960); Grand Prix RIMV Lessee LLC (4287); Grand Prix Rockville LLC (2496); Grand Prix Saddle River LLC (3726); Grand Prix San Jose LLC (3724); Grand Prix San Mateo LLC (3723); Grand Prix Schaumburg LLC (3721); Grand Prix Shelton LLC (3718); Grand Prix Sili I LLC (3714); Grand Prix Sili II LLC (3712); Grand Prix Term Lessee LLC (9180); Grand Prix Troy (Central) LLC (9061); Grand Prix Troy (SE) LLC (9062); Grand Prix Tukwila LLC (9063); Grand Prix West Palm Beach LLC (9065); Grand Prix Westchester LLC (3694); Grand Prix Willow Grove LLC (3697); Grand Prix Windsor LLC (3698); Grand Prix Woburn LLC (3699); Innkeepers Financial Corporation (0715); Innkeepers USA Limited Partnership (3956); Innkeepers USA Trust (3554); KPA HI Ontario LLC (6939); KPA HS Anaheim, LLC (0302); KPA Leaseco Holding Inc. (2887); KPA Leaseco, Inc. (7426); KPA RIGG, LLC (6706); KPA RIMV, LLC (6804); KPA San Antonio, LLC (1251); KPA Tysons Corner RI, LLC (1327); KPA Washington DC, LLC (1164); KPA/GP Ft. Walton LLC (3743); KPA/GP Louisville (HI) LLC (3744); KPA/GP Valencia LLC (9816).  The location of the Debtors' corporate headquarters and the service address for their affiliates is:  c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom No. 610, New York, New York 10006, on a final basis at a hearing scheduled for **August 12, 2010 at 2:00 p.m. prevailing Eastern Time** (the "**August 12, 2010 Hearing**") or at such other time as the Court may direct. The deadline to file and serve responses or objections to such motions is August 5, 2010 at 4:00 p.m. prevailing Eastern Time.

     1.     <u>Vendors, Lien Creditors, and PACA Claimants</u>. Debtors' Motion for the Entry of Interim and Final Orders (A) Authorizing the Debtors to Grant Administrative Expense Priority to All Undisputed Obligations for Goods Ordered Prepetition and Delivered Postpetition and Satisfy Such Obligations in the Ordinary Course of Business, (B) Authorizing, but Not Directing, the Debtors to Pay Prepetition Claims of Shippers, Warehousemen, and Materialmen, and (C) Authorizing the Debtors to Pay Prepetition PACA Claims [Docket No. 10].

     2.     <u>Taxes and Fees</u>. Debtors' Motion for the Entry of Interim and Final Orders Authorizing, but Not Directing, the Payment of Prepetition Taxes and Fees [Docket No. 11].

     3.     <u>Property Management</u>. Debtors' Motion for the Entry of Interim and Final Orders Authorizing, but Not Directing, the Debtors to Continue to Honor Obligations Set Forth in the Hotel Management and Shared Services Agreements [Docket No. 12].

**PLEASE TAKE FURTHER NOTICE** that the motion listed below was approved on an interim basis on July 20, 2010, and will be heard by the Court on a final basis at the **August 12, 2010 Hearing** or at such other time as the Court may direct. The deadline to file and serve responses or objections to such motion is August 7, 2010 at 4:00 p.m. prevailing Eastern Time.

     1.     <u>Wages and Employee Benefits</u>. Debtors' Motion for the Entry of Interim and Final Orders Authorizing, but Not Directing, the Debtors to (A) Pay Certain Prepetition Wages, Salaries, and Reimbursable Employee Expenses, (B) Pay and Honor Certain Employee Medical and Other Benefits, and (C) Continue Employee Benefits Programs [Docket No. 8].

**PLEASE TAKE FURTHER NOTICE** that the motions and applications listed below were filed on the Petition Date and will be heard by the Court on a final basis at the **August 12,**

**2010 Hearing** or at such other time as the Court may direct. The deadline to file and serve responses or objections to such motions and applications is August 5, 2010 at 4:00 p.m. prevailing Eastern Time.

1.  Utilities.  Debtors' Motion for the Entry of an Order Determining Adequate Assurance of Payment for Future Utility Services [Docket No. 16].

2.  Insurance.  Debtors' Motion for the Entry of an Order Authorizing, but Not Directing, the Debtors to (A) Maintain Prepetition Insurance Policies and Premium Financing Agreements and (B) Pay All Prepetition Obligations in Respect Thereof [Docket No. 17].

3.  Interim Compensation.  Debtors' Motion for the Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members [Docket No. 18].

4.  Ordinary Course Professionals.  Debtors' Motion for the Entry of an Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business [Docket No. 19].

5.  Kirkland & Ellis Retention.  Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date [Docket No. 20].

6.  Moelis Retention.  Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Moelis & Company LLC as Financial Advisor and Investment Banker to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 21].

7.  AP Services Retention.  Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of  AP Services, LLC and Designating Nathan J. Cook as Interim Chief Financial Officer to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 22].

**PLEASE TAKE FURTHER NOTICE** that the motions listed below were approved on an interim basis on July 20, 2010, and will be heard by the Court on a final basis at a hearing scheduled for **September 1, 2010 at 10:00 a.m. prevailing Eastern Time** (the "**September 1, 2010 Hearing**") or at such other time as the Court may direct. The deadline to

file and serve responses or objections to such motions is August 20, 2010 at 4:00 p.m. prevailing

Eastern Time.

1. <u>Cash Collateral.</u>  Debtors' Motion for the Entry of Interim and Final Orders (A) Authorizing the Debtors to (I) Use the Adequate Protection Parties' Cash Collateral and (II) Provide Adequate Protection to the Adequate Protection Parties Pursuant to 11 U.S.C. §§ 361, 362, and 363, (B) to the Extent Approved in the Final Order, Granting Senior Secured, Priming Liens on Certain Postpetition Intercompany Claims, (C) To the Extent Approved in the Final Order, Granting Administrative Priority Status to Certain Postpetition Intercompany Claims, and (D) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) [Docket No. 13].

2. <u>Cash Management</u>.  Debtors' Motion for the Entry of an Order Authorizing the Continued Use of (I) Existing Cash Management System, as Modified Herein, (II) Existing Bank Accounts, (III) Existing Business Forms, and (IV) Certain Existing Investment Guidelines [Docket No. 14].

**PLEASE TAKE FURTHER NOTICE** that the motions listed below were filed on the

Petition Date and will be heard by the Court at the **September 1, 2010 Hearing** or at such other

time as the Court may direct.  The deadline to file and serve responses or objections to such

motions is August 20, 2010 at 4:00 p.m. prevailing Eastern Time.

1. <u>Plan Support Agreement</u>.  Debtors' Motion for an Order (A) Authorizing the Debtors to Assume the Plan Support Agreement and (B) Granting Related Relief [Docket No. 15].

2. <u>Lehman DIP</u>.  Debtors' Motion for the Entry of an Order Authorizing the Debtors to Obtain Postpetition Financing from an Affiliate of Lehman ALI Inc. on a Priming Basis Pursuant to Sections 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of the Bankruptcy Code [Docket No. 23].

3. <u>Five Mile Capital DIP</u>.  Debtors' Motion for the Entry of an Order Authorizing the Debtors to Obtain Postpetition Financing from Five Mile Capital Partners on a Priming Basis Pursuant to Sections 364(c)(1), 364(c)(2), 364(c)(3), and 364(e) of the Bankruptcy Code [Docket No. 24].

**PLEASE TAKE FURTHER NOTICE THAT** all responses or objections to the

motions and applications listed in this Notice must: (a) be made in writing; (b) conform to the

Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of

K&E 17410751.4

New York, and the Case Management Procedures Order; (c) state with particularity the legal and factual basis for the objection; and (d) be filed with the Court; and (e) be served in accordance with and upon the parties set forth in the Case Management Order.

PLEASE TAKE FURTHER NOTICE that copies of the motions, applications, and orders referenced herein may be obtained free of charge by visiting the Debtors' restructuring website at www.omnimgt.com/innkeepers or by contacting Omni Management Group, LLC at Innkeepers USA Trust c/o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 606, Encino, California 91436. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

PLEASE TAKE FURTHER NOTICE that failure to file a timely objection may result in entry of order granting the motions and applications described herein as requested by the Debtors.

K&E 17410751.4

New York, New York
Dated:  July 22, 2010

/s/ *Paul M. Basta*
James H.M. Sprayregen, P.C.
Paul M. Basta
Jennifer L. Marines
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

and

Anup Sathy, P.C. (admitted *pro hac vice*)
Marc J. Carmel (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654-3406
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

Proposed Counsel to the Debtors
and Debtors in Possession

K&E 17410751.4

<u>**EXHIBIT A**</u>

**Case Management Procedures Order and Case Management Procedure**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) | Case No. 10-13800 (SCC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: GP AC Sublessee LLC (5992); Grand Prix Addison (RI) LLC (3740); Grand Prix Addison (SS) LLC (3656); Grand Prix Albany LLC (3654); Grand Prix Altamonte LLC (3653); Grand Prix Anaheim Orange Lessee LLC (5925); Grand Prix Arlington LLC (3651); Grand Prix Atlanta (Peachtree Corners) LLC (3650); Grand Prix Atlanta LLC (3649); Grand Prix Atlantic City LLC (3648); Grand Prix Bellevue LLC (3645); Grand Prix Belmont LLC (3643); Grand Prix Binghamton LLC (3642); Grand Prix Bothell LLC (3641); Grand Prix Bulfinch LLC (3639); Grand Prix Campbell / San Jose LLC (3638); Grand Prix Cherry Hill LLC (3634); Grand Prix Chicago LLC (3633); Grand Prix Columbia LLC (3631); Grand Prix Denver LLC (3630); Grand Prix East Lansing LLC (3741); Grand Prix El Segundo LLC (3707); Grand Prix Englewood / Denver South LLC (3701); Grand Prix Fixed Lessee LLC (9979); Grand Prix Floating Lessee LLC (4290); Grand Prix Fremont LLC (3703); Grand Prix Ft. Lauderdale LLC (3705); Grand Prix Ft. Wayne LLC (3704); Grand Prix Gaithersburg LLC (3709); Grand Prix General Lessee LLC (9182); Grand Prix Germantown LLC (3711); Grand Prix Grand Rapids LLC (3713); Grand Prix Harrisburg LLC (3716); Grand Prix Holdings LLC (9317); Grand Prix Horsham LLC (3728); Grand Prix IHM, Inc. (7254); Grand Prix Indianapolis LLC (3719); Grand Prix Islandia LLC (3720); Grand Prix Las Colinas LLC (3722); Grand Prix Lexington LLC (3725); Grand Prix Livonia LLC (3730); Grand Prix Lombard LLC (3696); Grand Prix Louisville (RI) LLC (3700); Grand Prix Lynnwood LLC (3702); Grand Prix Mezz Borrower Fixed, LLC (0252); Grand Prix Mezz Borrower Floating, LLC (5924); Grand Prix Mezz Borrower Floating 2, LLC (9972); Grand Prix Mezz Borrower Term LLC (4285); Grand Prix Montvale LLC (3706); Grand Prix Morristown LLC (3738); Grand Prix Mountain View LLC (3737); Grand Prix Mt. Laurel LLC (3735); Grand Prix Naples LLC (3734); Grand Prix Ontario Lessee LLC (9976); Grand Prix Ontario LLC (3733); Grand Prix Portland LLC (3732); Grand Prix Richmond (Northwest) LLC (3731); Grand Prix Richmond LLC (3729); Grand Prix RIGG Lessee LLC (4960); Grand Prix RIMV Lessee LLC (4287); Grand Prix Rockville LLC (2496); Grand Prix Saddle River LLC (3726); Grand Prix San Jose LLC (3724); Grand Prix San Mateo LLC (3723); Grand Prix Schaumburg LLC (3721); Grand Prix Shelton LLC (3718); Grand Prix Sili I LLC (3714); Grand Prix Sili II LLC (3712); Grand Prix Term Lessee LLC (9180); Grand Prix Troy (Central) LLC (9061); Grand Prix Troy (SE) LLC (9062); Grand Prix Tukwila LLC (9063); Grand Prix West Palm Beach LLC (9065); Grand Prix Westchester LLC (3694); Grand Prix Willow Grove LLC (3697); Grand Prix Windsor LLC (3698); Grand Prix Woburn LLC (3699); Innkeepers Financial Corporation (0715); Innkeepers USA Limited Partnership (3956); Innkeepers USA Trust (3554); KPA HI Ontario LLC (6939); KPA HS Anaheim, LLC (0302); KPA Leaseco Holding Inc. (2887); KPA Leaseco, Inc. (7426); KPA RIGG, LLC (6706); KPA RIMV, LLC (6804); KPA San Antonio, LLC (1251); KPA Tysons Corner RI, LLC (1327); KPA Washington DC, LLC (1164); KPA/GP Ft. Walton LLC (3743); KPA/GP Louisville (HI) LLC (3744); KPA/GP Valencia LLC (9816). The location of the Debtors' corporate headquarters and the service address for their affiliates is: c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

Upon the motion (the "**Motion**")² of the Debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for the entry of an order (this "**Order**") approving and implementing the Case Management Procedures annexed hereto as **Schedule 1**, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted to the extent provided herein.

2.      The Case Management Procedures, substantially in the form set forth on **Schedule 1** hereto, are approved and shall govern all applicable aspects of these Chapter 11 Cases, except as otherwise ordered by the Court, and to the extent the Case Management

---

² All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

Procedures conflict with the Bankruptcy Rules or the Local Bankruptcy Rules, the Case Management Procedures shall govern and supersede such rules.

3.      The first two omnibus hearings are scheduled as follows:

- 2:00 p.m. prevailing Eastern Time on the 12th day of August, 2010; and

- 10:00 a.m. prevailing Eastern Time on the 1st day of September, 2010.

4.      The Debtors' notice and claims agent, Omni Management Group, LLC, is authorized to establish a case website available at www.omnimgt.com/innkeepers where, among other things, electronic copies of all pleadings filed in the Debtors' Chapter 11 Cases may be posted to be viewed free of charge.

5.      Notice of the Motion as provided therein shall be deemed good and sufficient notice.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


New York, New York                          /s/Shelley C. Chapman
Date:  July 20, 2010                              United States Bankruptcy Judge

3

# SCHEDULE 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) | Case No. 10-13800 (SCC) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: GP AC Sublessee LLC (5992); Grand Prix Addison (RI) LLC (3740); Grand Prix Addison (SS) LLC (3656); Grand Prix Albany LLC (3654); Grand Prix Altamonte LLC (3653); Grand Prix Anaheim Orange Lessee LLC (5925); Grand Prix Arlington LLC (3651); Grand Prix Atlanta (Peachtree Corners) LLC (3650); Grand Prix Atlanta LLC (3649); Grand Prix Atlantic City LLC (3648); Grand Prix Bellevue LLC (3645); Grand Prix Belmont LLC (3643); Grand Prix Binghamton LLC (3642); Grand Prix Bothell LLC (3641); Grand Prix Bulfinch LLC (3639); Grand Prix Campbell / San Jose LLC (3638); Grand Prix Cherry Hill LLC (3634); Grand Prix Chicago LLC (3633); Grand Prix Columbia LLC (3631); Grand Prix Denver LLC (3630); Grand Prix East Lansing LLC (3741); Grand Prix El Segundo LLC (3707); Grand Prix Englewood / Denver South LLC (3701); Grand Prix Fixed Lessee LLC (9979); Grand Prix Floating Lessee LLC (4290); Grand Prix Fremont LLC (3703); Grand Prix Ft. Lauderdale LLC (3705); Grand Prix Ft. Wayne LLC (3704); Grand Prix Gaithersburg LLC (3709); Grand Prix General Lessee LLC (9182); Grand Prix Germantown LLC (3711); Grand Prix Grand Rapids LLC (3713); Grand Prix Harrisburg LLC (3716); Grand Prix Holdings LLC (9317); Grand Prix Horsham LLC (3728); Grand Prix IHM, Inc. (7254); Grand Prix Indianapolis LLC (3719); Grand Prix Islandia LLC (3720); Grand Prix Las Colinas LLC (3722); Grand Prix Lexington LLC (3725); Grand Prix Livonia LLC (3730); Grand Prix Lombard LLC (3696); Grand Prix Louisville (RI) LLC (3700); Grand Prix Lynnwood LLC (3702); Grand Prix Mezz Borrower Fixed, LLC (0252); Grand Prix Mezz Borrower Floating, LLC (5924); Grand Prix Mezz Borrower Floating 2, LLC (9972); Grand Prix Mezz Borrower Term LLC (4285); Grand Prix Montvale LLC (3706); Grand Prix Morristown LLC (3738); Grand Prix Mountain View LLC (3737); Grand Prix Mt. Laurel LLC (3735); Grand Prix Naples LLC (3734); Grand Prix Ontario Lessee LLC (9976); Grand Prix Ontario LLC (3733); Grand Prix Portland LLC (3732); Grand Prix Richmond (Northwest) LLC (3731); Grand Prix Richmond LLC (3729); Grand Prix RIGG Lessee LLC (4960); Grand Prix RIMV Lessee LLC (4287); Grand Prix Rockville LLC (2496); Grand Prix Saddle River LLC (3726); Grand Prix San Jose LLC (3724); Grand Prix San Mateo LLC (3723); Grand Prix Schaumburg LLC (3721); Grand Prix Shelton LLC (3718); Grand Prix Sili I LLC (3714); Grand Prix Sili II LLC (3712); Grand Prix Term Lessee LLC (9180); Grand Prix Troy (Central) LLC (9061); Grand Prix Troy (SE) LLC (9062); Grand Prix Tukwila LLC (9063); Grand Prix West Palm Beach LLC (9065); Grand Prix Westchester LLC (3694); Grand Prix Willow Grove LLC (3697); Grand Prix Windsor LLC (3698); Grand Prix Woburn LLC (3699); Innkeepers Financial Corporation (0715); Innkeepers USA Limited Partnership (3956); Innkeepers USA Trust (3554); KPA HI Ontario LLC (6939); KPA HS Anaheim, LLC (0302); KPA Leaseco Holding Inc. (2887); KPA Leaseco, Inc. (7426); KPA RIGG, LLC (6706); KPA RIMV, LLC (6804); KPA San Antonio, LLC (1251); KPA Tysons Corner RI, LLC (1327); KPA Washington DC, LLC (1164); KPA/GP Ft. Walton LLC (3743); KPA/GP Louisville (HI) LLC (3744); KPA/GP Valencia LLC (9816). The location of the Debtors' corporate headquarters and the service address for their affiliates is: c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

On July 19, 2010 (the "**Petition Date**"), Innkeepers USA Trust and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**") (collectively, the "**Chapter 11 Cases**"). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On July 20, 2010, the Court entered Order Establishing Certain Notice, Case Management, and Administrative Procedures approving the notice, case management, and administrative procedures (the "**Case Management Procedures**") set forth herein pursuant to sections 102(1), 105(a), and 105(d) of the Bankruptcy Code, Rules 2002(m), 9007, 9014, and 9036 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2002-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), and General Order M-242 of the Bankruptcy Court for the Southern District of New York ("**General Order M-242**") [Docket No. 56] (the "**Case Management Procedures Order**"). Anyone may obtain a copy of the Case Management Procedures Order, as well as any document filed with the Court in these Chapter 11 Cases, by: (a) accessing the website maintained by Omni Management Group, LLC ("**Omni**" or the "**Notice and Claims Agent**"), at www.omnimgt.com/innkeepers (the "**Case Website**"); (b) contacting Omni directly at Innkeepers USA Trust c/o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 606, Encino, California 91436; or (c) accessing the PACER system on the Court's website at http://www.nysb.uscourts.gov for a nominal fee. Finally, paper copies of all pleadings filed in the Debtors' Chapter 11 Cases may be available from the Court.

Pursuant to the Case Management Procedures Order, all motions, pleadings, applications, and objections and responses in these Chapter 11 Cases are subject to, and will not be deemed properly served unless and until they are served in accordance with, these Case Management Procedures. Additionally, while the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules apply to these Chapter 11 Cases, to the extent there is a conflict between any of the foregoing and the Case Management Procedures, the Case Management Procedures govern in all respects. <u>As such, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein prior to filing any documents in these Chapter 11 Cases</u>.

K&E 17411248

**Case Management Procedures**

**I.     Omnibus Hearing Dates**

    A.    <u>All Matters to be Heard at Omnibus Hearings</u>.  The Court shall schedule periodic omnibus hearings (the "**Omnibus Hearings**") to consider all motions, pleadings, and applications (collectively, the "**Requests for Relief**"), and all objections and responses to such Requests for Relief (collectively, the "**Objections**," and collectively with the Requests for Relief and notices, briefs, memoranda, affidavits, declarations, replies, and other filed documents, the "**Court Papers**") in accordance with the following procedures:

        (i)    <u>Ordinary Scheduling Procedures</u>.  In accordance with Local Bankruptcy Rule 9006-1(b) each Request for Relief must be filed and served least 14 days before a regularly scheduled Omnibus Hearing for such matter to be set for hearing on such regularly scheduled Omnibus Hearing date.

        (ii)    <u>Emergency Scheduling Procedures</u>.  Each entity retains the right to request an emergency hearing in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules.

        (iii)    <u>Initial Omnibus Hearings</u>.  The first two Omnibus Hearings shall be held on the following dates and times:

- 2:00 p.m. prevailing Eastern Time on the 12th day of August, 2010; and

- 10:00 a.m. prevailing Eastern Time on the 1st day of September, 2010.

    B.    <u>Subsequent Omnibus Hearings</u>.  At or 30 days before the second Omnibus Hearing, the Debtors shall request that the Court schedule additional Omnibus Hearings.  The Court shall schedule such Omnibus Hearings and, upon scheduling, the Notice and Claims Agent shall post the date of the Omnibus Hearing on the Case Website, and the Debtors shall file and serve on the Master Service List (as defined herein) notice thereof.  Entities may contact the Notice and Claims Agent for information concerning all scheduled Omnibus Hearings.

    C.    <u>Telephonic Participation in Hearings</u>.  If an entity desires to participate in a hearing by telephone, such entity must request permission from chambers and notify the Debtors' counsel at least forty-eight (48) hours prior to the scheduled hearing.  If chambers permits telephonic participation, the entity participating telephonically must arrange such telephonic participation with CourtCall by contacting the chambers of the Honorable Judge Shelley C. Chapman and adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York.  Those entities participating by phone may not use speakerphones, unless first authorized by the Court; by reason of technical limitations of the equipment and the way speakerphones disrupt proceedings in the courtroom, speakerphone authorizations usually will not be granted.  Entities participating by telephone must put their

3

telephones on "mute" except when they need to be heard. Entities so participating are not to put their telephones on "hold" in any circumstances.

D.    Proposed Omnibus Hearing Agenda. The Debtors shall prepare Omnibus Hearing agendas in accordance with the following:

(i)    No less than two (2) business days prior to each Omnibus Hearing, the Debtors shall file a proposed agenda with regard to the matters that are scheduled to be heard at such Omnibus Hearing (the "**Proposed Hearing Agenda**"). The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of such adjournment.

(ii)    The Proposed Hearing Agenda will include, to the extent known by the Debtors: (a) the docket number and title of each matter scheduled for such Omnibus Hearing, including the initial filing and any responses, replies, or substantive documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have been settled or are proposed to be continued; (d) other comments that will assist the Court; and (e) a suggestion for the order in which the matters should be addressed.

## II.    Filing and Notice Procedures; Deadlines for the Filing of Responsive Pleadings

A.    Procedures Established for Filing Court Papers. All Court Papers filed in the Chapter 11 Cases shall be filed (i) electronically with the Court on the docket of Innkeepers USA Trust, Case No. 10-13800 (SCC), in accordance with the Court's General Order M-242, by registered users of the Court's electronic case filing system and (ii) by all other parties in interest on a 3.5 inch floppy disk. Further, pursuant to Local Bankruptcy Rule 9070-1, at least one hard copy of any Court Document filed with the Court (other than proofs of claim) shall be (a) marked "**Chambers Copy**" and delivered as a printed copy in an unsealed envelope to the chambers of the Honorable Judge Shelley C. Chapman, United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408, not later than the next business day following the date on which such document is electronically filed, (b) delivered as a printed copy to the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), and (c) every entity listed on the Master Service List as set forth herein.

B.    Procedures Established for Notices. All Court Papers shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein (the "**Notice Procedures**").

C.    Notices of Requests for Relief. A notice shall be affixed to the front of each Request for Relief, and the notice shall set forth (at a minimum): (i) the title of the Request for Relief; (ii) the time and date of the objection deadline (as determined herein); and (iii) the Omnibus Hearing date at which the party intends to present the Request for Relief. The notice may also include a statement that the

4

relief requested therein may be granted without a hearing if no objection is timely filed and served in accordance with the Case Management Procedures (a "**Presentment Notice**").  If the notice filed with a Request for Relief includes a Presentment Notice, after the objection deadline has passed and if no objection has been filed and served in accordance with the procedures set forth herein, counsel to the entity who has filed a Request for Relief may file a certification that no objection has been filed or served on the entity who has filed the Request for Relief and may request that the proposed order be entered without a hearing.

D.   Filing and Service of Objections, Replies, and Other Responsive Pleadings.

(i)   Deadline for Objections.  The deadline to file Objections (the "**Objection Deadline**") shall be, by 4:00 p.m. prevailing Eastern Time, (a) no later than five (5) calendar days before the applicable hearing and no earlier than fourteen (14) calendar days after the filing and service of the Request for Relief for Requests for Relief that are filed no less than twenty-one (21) days before the applicable hearing date; (b) three (3) calendar days before the applicable hearing for Requests for Relief that are filed and served less than twenty-one (21) days before the applicable hearing date and no less than fourteen (14) days before the applicable hearing date; or (c) otherwise as ordered by the Court.  For Requests for Relief that are set on an expedited basis and less than fourteen (14) days after such Request for Relief is filed, the Objection Deadline shall be by 12:00 p.m. prevailing Eastern Time on the business day preceding the hearing date or as otherwise ordered by the Court.  Failure to file Objections by the Objection Deadline may cause the Court to not consider the Objection.  Notwithstanding the foregoing, if any Objection Deadline calculated as provided above falls on a day that is not a business day, the first business day prior to the Objection Deadline shall be the Objection Deadline.

(ii)   Extension of Objection Deadline.  The Objection Deadline may be extended without order of the Court upon the consent of the entity that filed the Request for Relief.

(iii)   Service of Objections.  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon the entity filing the Request for Relief, those entities on the Master Service List, and each Affected Entity (all as defined herein), with such Affected Entities to be determined based on the particular Court Paper being served; *provided, however*, that if the Objection Deadline is after the date that is five (5) days before the applicable hearing, then Objections shall also be served by e-mail, facsimile, hand delivery, or overnight mail upon the Debtors, the U.S. Trustee, the Committee, any other committee appointed in the case, and each Affected Entity.

(iv)   Service of Replies to Objections.  If a Court Paper is a reply to one or more Objections, such reply shall be filed with the Court and served so as

5

to actually be received by the Debtors, each party that filed an Objection, the U.S. Trustee, the Committee, and each Affected Entity, in all cases by 12:00 p.m. prevailing Eastern Time at least one (1) business day before the applicable hearing date, unless otherwise agreed by the Affected Entity(ies) and the Debtors.

E.    <u>Definition of Entities Entitled to Service</u>.  All Court Papers shall be served on the Master Service List and any other Affected Entities (each as defined hereinafter and collectively referred to as the "**Service List**") according to the notice procedures described herein.

    (i)    <u>Master Service List</u>.  In accordance with Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1, the Notice and Claims Agent shall maintain a master service list (the "**Master Service List**"), which shall be updated monthly.  An updated Master Service List will be made available by: (a) accessing the Case Website; (b) contacting Omni directly; or (c) contacting the Debtors' counsel directly.  The Master Service List shall include the following parties:

        (A)    The Office of the United States Trustee for the Southern District of New York;

        (B)    the Debtors and their counsel;

        (C)    counsel to any statutory committee of unsecured creditors appointed in the Chapter 11 Cases (the "**Committee**"), or until such time as any committee is appointed, the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d);

        (D)    counsel to any other committee appointed in the Chapter 11 Cases;

        (E)    the Debtors' prepetition secured lenders or, if known, their counsel;

        (F)    counsel to the agent for the Debtors' proposed postpetition secured lenders;

        (G)    counsel to Apollo Investment Corporation;

        (H)    the parties to the Debtors' franchise agreements or, if known, their counsel;

        (I)    the attorneys general for each of the States in which any of the Debtors conduct a substantial amount of its business operations;

        (J)    the Internal Revenue Service; and

        (K)    entities that have filed a 2002 Notice Request (as defined herein).

    (ii)    <u>Affected Entities</u>.  This group shall be comprised of all entities with a particularized interest in the subject matter of the specific Court Paper,

including the entity filing a Request for Relief (each, an "**Affected Entity**").

F.      Filing Requests for Documents Requires E-mail Address.  A request for service of papers pursuant to Rule 2002 of the Bankruptcy Rules (each, a "**2002 Notice Request**") filed with the Court shall be deemed proper if and only if it includes the following information with respect to the entity filing such request:  (i) name; (ii) street address; (iii) name of client(s), if applicable; (iv) telephone number; (v) facsimile number; and (vi) electronic mail (or e-mail) address.

G.      Certification Opting Out of E-mail Service.  Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an e-mail address and thereafter cannot receive service by e-mail must include in the 2002 Notice Request a certification to that effect (the "**Certification**").   The Certification shall include a statement certifying that the individual or entity (i) does not maintain an e-mail address and (ii) cannot practicably obtain an e-mail address at which the individual or entity could receive service by e-mail. Such individual entity will thereafter receive paper service as provided in the Case Management Procedures.

H.      2002 Notice List.  The Debtors shall be responsible for maintaining an updated list (the "**2002 List**") of those who have submitted a proper 2002 Notice Request. It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court updated 2002 Notice Requests from time to time as necessary to reflect changes to any information, including e-mail address and contact person and to serve a copy of any such update upon the Debtors.

I.      At least every fifteen (15) days during the first sixty (60) days of the Debtors' Chapter 11 Cases, and thereafter at least every thirty (30) days, the Notice and Claims Agent shall maintain and update the 2002 List by:  (i) making any additions and deletions; (ii) filing the updated 2002 List; (iii) serving the updated 2002 List on the entities listed thereon; (iv) filing a proof of service; and (v) simultaneously with the filing of the 2002 List, posting an updated version of the 2002 List on the Case Website.

J.      Service of Requests for Reliefs.  With respect to filings for which particular notices are required to be served on all creditors and parties in interest, including Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007, or 9019, parties shall serve all such filings only on the Service List by electronic mail or otherwise (if an exemption is granted) or, in the case of those entities on the Master Service List, by electronic mail and by first class mail, as applicable, in accordance with the following procedures, unless otherwise ordered by the Court:

        (i)      in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each entity asserting an interest in that property;

(ii) in the case of a Request for Relief for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

(iii) in the case of a Request for Relief relating to the use of cash collateral or obtaining credit, each entity asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

(iv) in the case of a Request for Relief under Bankruptcy Rule 9019, all entities that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

(v) in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, each party to the executory contract or the unexpired lease;

(vi) any objection, opposition, response, reply, or further document filed directly in response to a document shall be served on the entity who filed such document; and

(vii) all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

K. Except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

(i) Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

(ii) Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale or lease concerns all or substantially all of the Debtors' assets);

(iii) Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

(iv) Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

(v) Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

(vi) Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

(vii) Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

K&E 17411248

(viii)    Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

(ix)    Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

(x)    Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

(xi)    Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

(xii)    Bankruptcy Rule 2002(f)(6) (waiver, denial or revocation of a discharge as provided in Bankruptcy Rule 4006);

(xiii)    Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

(xiv)    Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

L.    <u>Certificates of Service</u>.  Certificates of service of all Court Papers, including a Service List, shall be filed with the Court; *provided*, *however*, that parties shall not be required to serve the certificate of service to such recipients.

M.    <u>Serving Adversary Proceedings</u>.  All pleadings and other Court Papers in any adversary proceeding commenced in the Chapter 11 Cases shall be served upon each Affected Entity and any other entities required to be served under any applicable Bankruptcy Rule or Local Bankruptcy Rule.

N.    <u>Service of Orders</u>.  All parties submitting orders shall serve a conformed copy of any entered order on (i) each Affected Entity, (ii) the Notice and Claims Agent, and (iii) the Debtors no later than two (2) business days after entry of the order. The Debtors shall post all entered orders in the Chapter 11 Cases on the Case Website.

O.    <u>Section 342 Notice Requirements</u>.  Any notice sent by the Debtors shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code so long as the notice contains the information contained in footnote 1 of these Case Management Procedures.

## III.    Service by Electronic Mail; Service to Master Service List by First Class Mail

A.    <u>Service by Electronic Mail</u>.  All Court Papers shall be electronically served via the Court's Electronic Filing System, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such electronic mail service; *provided*, *however*, that Court Papers shall be served on the Master Service List by electronic mail and by first class mail, as applicable.  Subject to the limited exclusions set forth herein, each party that has filed a notice of

K&E 17411248

appearance and a request for service of papers shall be deemed to have consented to electronic service of papers.

B.    If a 2002 Notice Request fails to include an e-mail address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party no later than five (5) business days after such 2002 Notice Request is received specifically requesting an e-mail address. If no e-mail address or no Certification is provided in response to such request, such entity shall not be added to the 2002 List and shall not be served with copies of Court Papers filed in these cases unless such entity is an Affected Entity, and all such actions shall be deemed proper.

C.    For purposes of clarification, the filing deadlines and requirements set forth herein do not require three additional days notice as set forth in Rule 6(d) of the Federal Rules of Civil Procedure (made applicable to contested matters indirectly by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D) and Bankruptcy Rule 9006(f)).

K&E 17411248