**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) ) ) | Case No. 10-13800 (SCC) |
| Debtors. | ) ) ) | Jointly Administered |

### ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY AP SERVICES, LLC AND DESIGNATING NATHAN J. COOK AS INTERIM CHIEF FINANCIAL OFFICER *NUNC PRO TUNC* TO THE PETITION DATE

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: GP AC Sublessee LLC (5992); Grand Prix Addison (RI) LLC (3740); Grand Prix Addison (SS) LLC (3656); Grand Prix Albany LLC (3654); Grand Prix Altamonte LLC (3653); Grand Prix Anaheim Orange Lessee LLC (5925); Grand Prix Arlington LLC (3651); Grand Prix Atlanta (Peachtree Corners) LLC (3650); Grand Prix Atlanta LLC (3649); Grand Prix Atlantic City LLC (3648); Grand Prix Bellevue LLC (3645); Grand Prix Belmont LLC (3643); Grand Prix Binghamton LLC (3642); Grand Prix Bothell LLC (3641); Grand Prix Bulfinch LLC (3639); Grand Prix Campbell / San Jose LLC (3638); Grand Prix Cherry Hill LLC (3634); Grand Prix Chicago LLC (3633); Grand Prix Columbia LLC (3631); Grand Prix Denver LLC (3630); Grand Prix East Lansing LLC (3741); Grand Prix El Segundo LLC (3707); Grand Prix Englewood / Denver South LLC (3701); Grand Prix Fixed Lessee LLC (9979); Grand Prix Floating Lessee LLC (4290); Grand Prix Fremont LLC (3703); Grand Prix Ft. Lauderdale LLC (3705); Grand Prix Ft. Wayne LLC (3704); Grand Prix Gaithersburg LLC (3709); Grand Prix General Lessee LLC (9182); Grand Prix Germantown LLC (3711); Grand Prix Grand Rapids LLC (3713); Grand Prix Harrisburg LLC (3716); Grand Prix Holdings LLC (9317); Grand Prix Horsham LLC (3728); Grand Prix IHM, Inc. (7254); Grand Prix Indianapolis LLC (3719); Grand Prix Islandia LLC (3720); Grand Prix Las Colinas LLC (3722); Grand Prix Lexington LLC (3725); Grand Prix Livonia LLC (3730); Grand Prix Lombard LLC (3696); Grand Prix Louisville (RI) LLC (3700); Grand Prix Lynnwood LLC (3702); Grand Prix Mezz Borrower Fixed, LLC (0252); Grand Prix Mezz Borrower Floating, LLC (5924); Grand Prix Mezz Borrower Floating 2, LLC (9972); Grand Prix Mezz Borrower Term LLC (4285); Grand Prix Montvale LLC (3706); Grand Prix Morristown LLC (3738); Grand Prix Mountain View LLC (3737); Grand Prix Mt. Laurel LLC (3735); Grand Prix Naples LLC (3734); Grand Prix Ontario Lessee LLC (9976); Grand Prix Ontario LLC (3733); Grand Prix Portland LLC (3732); Grand Prix Richmond (Northwest) LLC (3731); Grand Prix Richmond LLC (3729); Grand Prix RIGG Lessee LLC (4960); Grand Prix RIMV Lessee LLC (4287); Grand Prix Rockville LLC (2496); Grand Prix Saddle River LLC (3726); Grand Prix San Jose LLC (3724); Grand Prix San Mateo LLC (3723); Grand Prix Schaumburg LLC (3721); Grand Prix Shelton LLC (3718); Grand Prix Sili I LLC (3714); Grand Prix Sili II LLC (3712); Grand Prix Term Lessee LLC (9180); Grand Prix Troy (Central) LLC (9061); Grand Prix Troy (SE) LLC (9062); Grand Prix Tukwila LLC (9063); Grand Prix West Palm Beach LLC (9065); Grand Prix Westchester LLC (3694); Grand Prix Willow Grove LLC (3697); Grand Prix Windsor LLC (3698); Grand Prix Woburn LLC (3699); Innkeepers Financial Corporation (0715); Innkeepers USA Limited Partnership (3956); Innkeepers USA Trust (3554); KPA HI Ontario LLC (6939); KPA HS Anaheim, LLC (0302); KPA Leaseco Holding Inc. (2887); KPA Leaseco, Inc. (7426); KPA RIGG, LLC (6706); KPA RIMV, LLC (6804); KPA San Antonio, LLC (1251); KPA Tysons Corner RI, LLC (1327); KPA Washington DC, LLC (1164); KPA/GP Ft. Walton LLC (3743); KPA/GP Louisville (HI) LLC (3744); KPA/GP Valencia LLC (9816).  The location of the Debtors' corporate

(continued on next page)

Upon the application (the "**Application**")[2] of the Debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for the entry of an order (this "**Order**") (a) authorizing the Debtors to retain and employ AP Services, LLC ("**APS**") as crisis managers to the Debtors to provide interim management and restructuring services and (b) designating Nathan Cook as interim Chief Financial Officer ("**CFO**") to the Debtors *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application and the Engagement Letter; and upon the First Day Declaration and the Cook Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the requested relief having been resolved at set forth in this Order; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

headquarters and the service address for their affiliates is: c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

1. The Application is granted to the extent provided herein.

2. The Debtors are authorized, *nunc pro tunc* to the Petition Date, to (a) retain and employ APS on the terms set forth in the Engagement Letter as modified by this Order and (b) designate Cook as Interim Chief Financial Officer for the Debtors.

3. In a manner consistent with the Application, the Engagement Letter, and the Cook Declaration:

   a) Cook may serve as Debtors' Interim Chief Financial Officer, as provided in the Engagement Letter;

   b) APS may render crisis management services to the Debtors;

   c) APS may provide Temporary Employees to the Debtors to assist the Debtors in their restructuring efforts; and

   d) Working collaboratively with the Debtors' senior management team, Boards of Trustee, Directors, Managers and the Debtors' other advisors, Cook and APS may assist the Debtors in evaluating and implementing strategic and tactical alternatives through the restructuring process.

4. APS and its personnel shall be required to: (a) maintain contemporaneous time records in tenth of an hour increments; and (b) conform to any schedule of hourly rates contained in the Engagement Letter.

5. APS is not required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, but will instead submit monthly invoices to the Debtors, and the Debtors are hereby authorized to pay, in the ordinary course of its business, all reasonable amounts invoiced by APS for fees and expenses.

6. APS shall submit to the Court, with copies to the U.S. Trustee and all official committees contemporaneously with such filing, quarterly reports of compensation earned, and parties-in-interest in these Chapter 11 Cases shall have the right to object to fees paid and expenses reimbursed to APS within 20 days after APS files such reports.

7. APS shall file with the Court (and serve copies to the U.S. Trustee and all official committees contemporaneously with such filing) a report on staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event that an objection is filed.

8. Notwithstanding anything in the Application, the Cook Declaration, or the Engagement Letter, the Debtors shall only indemnify those APS employees serving as executive officers of the Debtors on the same terms as provided to the Debtors' other officers and directors under the Debtors' by-laws and applicable state law, along with insurance coverage under the Debtors' directors and officers' insurance policies, and the indemnification provisions of the Engagement Letter shall not apply to APS.

9. Notwithstanding anything in the Application or the Cook Declaration, the last paragraph of section 7 of the General Terms and Conditions attached to the Engagement Letter and the "Limit of Liability" paragraph of section 11 of the General Terms and Conditions attached to the Engagement Letter are hereby deleted in their entirety and shall be replaced by the following paragraph:

> Limit of Liability. Neither APS, AlixPartners nor its subsidiary affiliates nor their respective managing directors, officers or employees shall be liable to the Debtors or any party asserting claims on behalf of the Debtors except for actual or punitive damages found in a final judicial determination to be the direct result of the gross negligence, bad faith, self-dealing or intentional misconduct of APS or AlixPartners. This provision shall be limited in its application by any applicable state law governing the exculpation of executive officers.

10. Notwithstanding the provisions related to the potential arbitration of disputes contained in the Engagement Letter, the Bankruptcy Court shall retain jurisdiction to resolve all disputes.

11. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, or this Order, the terms of this Order shall govern.

12. This Order shall neither authorize the Debtors to use any cash collateral (as defined in section 363(a) of the Bankruptcy Code) nor prejudice any entities' rights with respect to any request by the Debtors to use cash collateral. Nothing in this Order shall affect in any way the *Interim Order (A) Authorizing the Debtors to (i) Use the Adequate Protection Parties' Cash Collateral and (ii) Provide Adequate Protection to the Adequate Protection Parties Pursuant to 11 U.S.C. §§ 361, 362, and 363, and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 54] or any subsequent order entered granting the relief requested in the *Debtors' Motion for the Entry of Interim and Final Orders (A) Authorizing the Debtors to (i) Use the Adequate Protection Parties' Cash Collateral and (ii) Provide Adequate Protection to the Adequate Protection Parties Pursuant to 11 U.S.C. §§ 361, 362, and 363, (B) to the Extent Approved in the Final Order, Granting Senior Secured, Priming Liens on Certain Postpetition Intercompany Claims, (C) to the Extent Approved in the Final Order, Granting Administrative Priority Status to Certain Postpetition Intercompany Claims, and (D) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 13]. Further, nothing in this Order shall affect in any way any special servicer's right to object to the use of its cash collateral to fund all or part of the fees and expenses of professionals compensated from the Debtors' bankruptcy estates in monthly, interim, or final fee requests nor rule on the appropriateness of such cash collateral use or any entities' rights with respect thereto.

13. Notice of the Application as provided therein shall be deemed good and sufficient notice.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

17. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

| | |
|---|---|
| New York, New York<br>Date: August 12, 2010 | /s/Shelley C. Chapman<br>United States Bankruptcy Judge |

6

K&E 17421077