UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  | ) |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| Innkeepers USA Trust, *et al.*,[1] | ) | 10-13800 (SCC) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## ORDER REGARDING CREDITOR ACCESS TO INFORMATION AND SETTING AND FIXING CREDITOR INFORMATION SHARING PROCEDURES AND PROTOCOLS UNDER 11 U.S.C. §§ 105(a), 107(b), AND 1102(b)(3)

This matter coming before the Court on the motion (the "Motion")[2] of the Committee,

pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code and Rule 9018 of

the Federal Rules of Bankruptcy Procedure, for the entry of an order providing that the

Committee is not authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy

Code to provide access to the Debtors' confidential information, the Committee's confidential

information, or to privileged information to any creditor the Committee represents and setting

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: GP AC Sublessee LLC (5992); Grand Prix Addison (RI) LLC (3740); Grand Prix Addison (SS) LLC (3656); Grand Prix Albany LLC (3654); Grand Prix Altamonte LLC (3653); Grand Prix Anaheim Orange Lessee LLC (5925); Grand Prix Arlington LLC (3651); Grand Prix Atlanta (Peachtree Corners) LLC (3650); Grand Prix Atlanta LLC (3649); Grand Prix Atlantic City LLC (3648); Grand Prix Bellevue LLC (3645); Grand Prix Belmont LLC (3643); Grand Prix Binghamton LLC (3642); Grand Prix Bothell LLC (3641); Grand Prix Bulfinch LLC (3639); Grand Prix Campbell / San Jose LLC (3638); Grand Prix Cherry Hill LLC (3634); Grand Prix Chicago LLC (3633); Grand Prix Columbia LLC (3631); Grand Prix Denver LLC (3630); Grand Prix East Lansing LLC (3741); Grand Prix El Segundo LLC (3707); Grand Prix Englewood / Denver South LLC (3701); Grand Prix Fixed Lessee LLC (9979); Grand Prix Floating Lessee LLC (4290); Grand Prix Fremont LLC (3703); Grand Prix Ft. Lauderdale LLC (3705); Grand Prix Ft. Wayne LLC (3704); Grand Prix Gaithersburg LLC (3709); Grand Prix General Lessee LLC (9182); Grand Prix Germantown LLC (3711); Grand Prix Grand Rapids LLC (3713); Grand Prix Harrisburg LLC (3716); Grand Prix Holdings LLC (9317); Grand Prix Horsham LLC (3728); Grand Prix IHM, Inc. (7254); Grand Prix Indianapolis LLC (3719); Grand Prix Islandia LLC (3720); Grand Prix Las Colinas LLC (3722); Grand Prix Lexington LLC (3725); Grand Prix Livonia LLC (3730); Grand Prix Lombard LLC (3696); Grand Prix Louisville (RI) LLC (3700); Grand Prix Lynnwood LLC (3702); Grand Prix Mezz Borrower Fixed, LLC (0252); Grand Prix Mezz Borrower Floating, LLC (5924); Grand Prix Mezz Borrower Floating 2, LLC (9972); Grand Prix Mezz Borrower Term LLC (4285); Grand Prix Montvale LLC (3706); Grand Prix Morristown LLC (3738); Grand Prix Mountain View LLC (3737); Grand Prix Mt. Laurel LLC (3735); Grand Prix Naples LLC (3734); Grand Prix Ontario Lessee LLC (9976); Grand Prix Ontario LLC (3733); Grand Prix Portland LLC (3732); Grand Prix Richmond (Northwest) LLC (3731); Grand Prix Richmond LLC (3729); Grand Prix RIGG Lessee LLC (4960); Grand Prix RIMV Lessee LLC (4287); Grand Prix Rockville LLC (2496); Grand Prix Saddle River LLC (3726); Grand Prix San Jose LLC (3724); Grand Prix San Mateo LLC (3723); Grand Prix Schaumburg LLC (3721); Grand Prix Shelton LLC (3718); Grand Prix Sili I LLC (3714); Grand Prix Sili II LLC (3712); Grand Prix Term Lessee LLC (9180); Grand Prix Troy (Central) LLC (9061); Grand Prix Troy (SE) LLC (9062); Grand Prix Tukwila LLC (9063); Grand Prix West Palm Beach LLC (9065); Grand Prix Westchester LLC (3694); Grand Prix Willow Grove LLC (3697); Grand Prix Windsor LLC (3698); Grand Prix Woburn LLC (3699); Innkeepers Financial Corporation (0715); Innkeepers USA Limited Partnership (3956); Innkeepers USA Trust (3554); KPA HI Ontario LLC (6939); KPA HS Anaheim, LLC (0302); KPA Leaseco Holding Inc. (2887); KPA Leaseco, Inc. (7426); KPA RIGG, LLC (6706); KPA RIMV, LLC (6804); KPA San Antonio, LLC (1251); KPA Tysons Corner RI, LLC (1327); KPA Washington DC, LLC (1164); KPA/GP Ft. Walton LLC (3743); KPA/GP Louisville (HI) LLC (3744); KPA/GP Valencia LLC (9816). The location of the Debtors' corporate headquarters and the service address for their affiliates is: c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

and fixing creditor information sharing procedures and protocols; and the Court finding that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409; (iii) this is core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

The Motion is GRANTED; and it is further

ORDERED that, for the purposes of this Order, the term "Confidential Information" shall mean any non-public information of the Debtors or information that becomes available to the Committee on a confidential basis, including without limitation, non-public information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, and studies, whether delivered prior to, on, or after the date of entry of this Procedures Order. Confidential Information shall also include any other non-public documents prepared by the Debtors, their advisors, or any other agents of the Debtors (collectively, the "Debtor Parties"), where such information is furnished, disclosed or otherwise made known to any of the Committee, its professionals, its members, and the members' respective agents or advisors (collectively, the "Receiving Parties"), whether intentionally or unintentionally, by any written, oral, electronic, facsimile, or computer-related forms of communication. Confidential Information shall also include any analyses, compilations, abstracts, studies, summaries or other documents, reports or records prepared by the Debtor Parties or any of the Receiving Parties which contain, reflect or, otherwise are generated from any information deemed to be Confidential Information. Confidential Information shall not include information that: (i) with

ny-934657                                    2

respect to a Receiving Party, is or becomes publicly available other than as a result of a disclosure by such Receiving Party in breach of the Committee Confidentiality Agreement or any other confidentiality agreement; (ii) is not received by a Receiving Party pursuant to the Committee Confidentiality Agreement, but instead is independently received by a Receiving Party outside of that Receiving Party's capacity as a Committee member or representative; provided, that if such information is subject to another confidentiality agreement binding upon the Receiving Party with, or other obligation of secrecy to, the Debtors, use of such Confidential Information by such Receiving Party shall be governed by such other confidentiality agreement or secrecy obligation; (iii) is or becomes available to the Receiving Party on a nonconfidential basis from a source (other than a Debtor Party), which source is not to the Receiving Party's knowledge subject to any prohibition from disclosing such information to the Receiving Party; (iv) is independently developed by such Receiving Party without violating its obligations under the Committee Confidentiality Agreement and without using any Confidential Information; (v) is disclosed or is required to be disclosed by law, rule, regulation or legal process, subject to the requirements of the Committee Confidentiality Agreement, or (vi) is determined by a court of competent jurisdiction to be non-confidential; and it is further

ORDERED that for the purposes of this Order, the term "Committee Confidential Information" shall mean any non-public information developed independently or obtained from third parties other than the Debtors, including, but not limited to, any recommendations or reports to Committee members prepared by its professionals, and/or any information deemed by the Committee's professionals to be of a sensitive and confidential nature; and it is further

ORDERED that for the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other

jurisdictional law privilege, whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party; and it is further

ORDERED that notwithstanding any construction of section 1102(b)(3)(A) of the Bankruptcy Code to the contrary, the Committee, and its individual members and their respective representatives, advisors and counsel, shall not be authorized or required, without an order of this Court or written consent of the Debtors, to provide access to any Confidential Information, Committee Confidential Information or Privileged Information of the Debtors to any creditor the Committee represents pursuant to section 1102(b)(3)(A) of the Bankruptcy Code. Notwithstanding the foregoing, the Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee; and it is further

ORDERED that in satisfaction of the Committee's obligation to provide access to information for creditors and solicit and receive comments in accordance with Bankruptcy Code Sections 1102(b)(3)(A) and (B), and to otherwise clarify the statutory requirement that the Committee provide access to information for general unsecured creditors, the Committee shall respond promptly to written and telephonic inquiries received from the creditors it represents, and may, in its reasonable discretion, until the earliest to occur of dissolution of the Committee, dismissal of these chapter 11 cases, or conversion of these chapter 11 cases, establish and maintain an Internet-accessed website (the "Committee Website") or an electronic mail address for creditors to submit questions and comments to the Committee; and it is further

ORDERED that the reasonable fees and expenses of the Committee and its agents relating to the implementation and maintenance of any Committee Website, other than the fees

and expenses of its retained professionals, shall be payable by the Debtors upon presentation of an appropriate invoice.  Such fees and expenses shall be treated as administrative expenses pursuant to Bankruptcy Code Section 503(b); and it is further

ORDERED that if a general unsecured creditor (the "Requesting Creditor") submits a written request (including electronic mail) (the "Information Request") for the Committee to disclose or provide information, the Committee shall as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (including, if relevant, on the Committee Website) (the "Response"), including providing access to the information requested or the reasons the Information Request cannot be complied with.  If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed pursuant to the terms of this Order or otherwise under 11 U.S.C. § 1102(b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served, and the hearing on such motion shall be noticed and scheduled, pursuant to the rules of the Court.  The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information, Committee Confidential Information or Privileged Information.  Furthermore, nothing herein shall be deemed to preclude

the Requesting Creditor from requesting that the Court conduct an in camera review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Information, Committee Confidential Information, or Privileged Information; and it is further

ORDERED that in its Response to an Information Request for access to Confidential Information or Committee Confidential Information, the Committee shall consider whether:

a. the Requesting Creditor is willing to enter into the confidentiality agreement, substantially in the form attached hereto as **Appendix 1** (the "Confidentiality Agreement"), and which form of Confidentiality Agreement is hereby approved, and trading restrictions with respect to such Confidential Information and/or Committee Confidential Information and represents that such trading restrictions and any information-screening process complies with applicable securities laws, bankruptcy rules or contract; and

i. If the Requesting Creditor is involved in purchasing, selling or trading claims against or equity interests in the Debtors, the Requesting Creditor must file and serve upon counsel to the Committee, the Debtors, and the United States Trustee, a document with the Court, confirming that it has established an information screening barrier ("Screening Wall") that will be enforced, that no Confidential Information will be revealed to purchasers, sellers or claims traders or any persons or entities involved in trading of claims and listing the name of the person that has been designated as monitor to ensure compliance with the provisions hereof; and

ii. If the Requesting Creditor is a competitor or prospective competitor of the Debtors and the information requested may impair the Debtors' business in any material way, no information will be disclosed unless the Court orders such disclosure after notice and a hearing; and

b. under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such information; provided, however, that if the Committee elects to provide access to Confidential Information on the basis of the entry into the Confidentiality Agreement and such trading restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable or contract laws. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph; and it is further

ORDERED that if the Information Request implicates Confidential Information of the Debtors (or any other Entity other than the Committee) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee shall make a demand for the benefit of the Debtors' creditors pursuant to the following procedures:

a. If the Confidential Information is information of the Debtors, the Committee shall submit a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors ("Debtors' Counsel"), stating that such information will be disclosed in the manner described in the Committee Confirmation Demand unless the Debtors object to such Committee Information Demand on or before ten (10) business days after the service of such Committee Information Demand. If the Debtors lodge such

an objection, the Debtors, the Committee and the Requesting Party shall work in good faith to resolve the Debtors' objection to the Committee Information Demand.  In the event that the Debtors' objection is not resolved, the Debtors shall schedule a hearing (that is acceptable to the Committee and Requesting Creditor) no later than twenty (20) days after the service of the Committee Information Demand (subject to the availability of this Court).  At such hearing, the Debtors must demonstrate why such Committee Information Demand is prejudicial to the Debtors and why the Debtors should not comply with the request pursuant to 11 U.S.C. § 704(a)(7).

b.	If the Confidential Information is information of another Entity, the Committee shall submit a written request, each captioned as a "Committee Information Demand," to such Entity and its counsel of record, with a copy to Debtors' Counsel, stating that such information will be disclosed in the manner described in the Committee Information Demand unless such Entity or the Debtors object to such Committee Information Demand on or before ten (10) business days after the service of such Committee Information Demand.  If the Debtors or the Entity lodge such an objection, the Debtors, the Committee, the Entity and Requesting Creditor shall work in good faith to resolve the Debtors' or the Entity's objection to the Committee Information Demand. In the event that the Debtors' or the Entity's objection is not resolved, the Debtors shall schedule a hearing (that is acceptable to the Committee, the Entity and Requesting Creditor) no later than twenty (20) days after the service of the Committee Information Demand (subject to the availability of the Court).

c. The Committee may in its sole discretion disclose any Committee Confidential Information pursuant to and consistent with the terms of this Order, so long as such disclosure does not violate any confidentiality agreement; and it is further

ORDERED that nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
    September 1, 2010                 /s/Shelley C. Chapman
                                           The Honorable Shelley C. Chapman
                                           United States Bankruptcy Judge

# CONFIDENTIALITY AND NONDISCLOSURE AGREEMENT

This Confidentiality Agreement and Nondisclosure Agreement ("<u>Agreement</u>") is hereby entered into as of _____ by and between the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Innkeepers USA Trust and its affiliated debtors and debtors in possession and [CREDITOR] ("<u>Creditor</u>").

WITNESSETH

WHEREAS, Creditor has made a Request for Confidential Information and/or Committee Confidential Information pursuant to the Order Regarding Creditor Access to Information and Setting and Fixing Creditor Information Sharing Procedures and Protocols Under 11 U.S.C. §§ 105(a), 107(b), and 1102(b)(3) (the "<u>Protocol Order</u>");[1]

WHEREAS, this Agreement is intended to facilitate the delivery of Confidential Information and/or Committee Confidential Information from the Debtors or the Committee to Creditor and to establish Creditor's rights and obligations with respect to such information.

NOW THEREFORE, in consideration of the foregoing, and as a condition to the Committee providing such Confidential Information and/or Committee Confidential Information to Creditor, the Committee and Creditor hereby agree as follows:

**1.     WITH RESPECT TO CONFIDENTIAL INFORMATION AND/OR COMMITTEE CONFIDENTIAL INFORMATION DISCLOSED UNDER THIS AGREEMENT, THE PARTY RECEIVING CONFIDENTIAL INFORMATION AND/OR COMMITTEE CONFIDENTIAL INFORMATION SHALL:**

    a.    hold the Confidential Information and/or Committee Confidential Information in confidence, exercising a degree of care not less than the care used by receiving party to protect its own proprietary or confidential information that it does not wish to disclose;

    b.    restrict disclosure of the Confidential Information and/or Committee Confidential Information solely to the [CREDITOR], its affiliates, and its and their directors, officers, employees, and/or agents/consultants, with a need to know and not disclose it to any other person;

    c.    advise those persons to whom the Confidential Information and/or Committee Confidential Information is proposed to be disclosed of their obligations with respect to the

---

[1] All capitalized terms not herein defined shall have the same meaning as ascribed to them in the Protocol Order, a copy of which is attached hereto as <u>Exhibit A</u>.

Confidential Information and/or Committee Confidential Information; and

  d. use the Confidential Information and/or Committee Confidential Information only in a manner approved in writing by the Committee.

  **2. THE CONFIDENTIAL INFORMATION AND THE COMMITTEE CONFIDENTIAL INFORMATION SHALL BE DEEMED THE PROPERTY OF THE COMMITTEE AND, UPON WRITTEN REQUEST, THE CREDITOR SHALL RETURN TO THE COMMITTEE OR DESTROY ALL CONFIDENTIAL INFORMATION AND/OR COMMITTEE CONFIDENTIAL INFORMATION RECEIVED IN TANGIBLE FORM, OR WILL DESTROY OR ERASE SUCH CONFIDENTIAL INFORMATION AND/OR COMMITTEE CONFIDENTIAL INFORMATION IF IT IS RECORDED ON AN ERASABLE STORAGE MEDIUM, EXCEPT IN EACH CASE AS REQUIRED BY LAW, RULE, REGULATION OR INTERNAL DOCUMENT RETENTION POLICIES FOR COMPLIANCE PURPOSES. IF CREDITOR LOSES OR MAKES AN UNAUTHORIZED DISCLOSURE OF ANY CONFIDENTIAL INFORMATION AND/OR COMMITTEE CONFIDENTIAL INFORMATION, IT SHALL NOTIFY THE COMMITTEE PROMPTLY AND USE REASONABLE EFFORTS TO RETRIEVE THE LOST OR WRONGFULLY DISCLOSED CONFIDENTIAL INFORMATION AND/OR CONFIDENTIAL COMMITTEE INFORMATION.**

  **3. THE CREDITOR SHALL HAVE NO OBLIGATION TO PRESERVE THE PROPRIETARY NATURE OF SUCH CONFIDENTIAL INFORMATION AND/OR COMMITTEE CONFIDENTIAL INFORMATION WHICH:**

  a. was lawfully in Creditor's possession at the time of the disclosure and was obtained free of any obligation to keep it confidential;

  b. is or becomes publicly available other than by a breach of this Agreement;

  c. is developed by or on behalf of such party independent of any Confidential Information and/or Committee Confidential Information;

  d. is received from a third party whose disclosure to the knowledge of the party, after due inquiry, does not violate any confidentiality obligation; or

  e. is disclosed pursuant to the requirement or request of a duly empowered governmental, regulatory or supervisory agency or authority or court of competent jurisdiction to the extent such disclosure is required by a valid law, regulation, rule or court order, and prompt notice is given by the recipient to the disclosing party of any such

requirement or request (except in connection with any regulatory examination), unless such notice is prohibited by law.

**4.** **THIS AGREEMENT SHALL BENEFIT AND BE BINDING UPON THE PARTIES HERETO AND WITH EACH PARTY'S WRITTEN CONSENT THEIR RESPECTIVE SUCCESSORS AND ASSIGNS.**

**5.** **THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CHOICE OF LAW PRINCIPLES AND SHALL BE SUBJECT TO THE JURISDICTION OF THE BANKRUPTCY COURT.**

**6.** **THIS AGREEMENT SHALL BECOME EFFECTIVE AS OF THE DATE EXECUTED BY ALL PARTIES TO THE AGREEMENT AND SHALL TERMINATE UPON THE EARLIER OF THE CLOSING OR DISMISSAL OF THE DEBTORS' CASES, EXCEPT AS MAY OTHERWISE BE ORDERED BY THE COURT.**

**7.** **THE PARTIES ACKNOWLEDGE THAT IN THE EVENT OF AN UNAUTHORIZED DISCLOSURE, THE DAMAGES INCURRED BY THE DEBTORS OR THE COMMITTEE MAY BE DIFFICULT IF NOT IMPOSSIBLE TO ASCERTAIN, AND THAT THE DEBTORS OR THE COMMITTEE MAY SEEK INJUNCTIVE RELIEF AS WELL AS MONETARY DAMAGES AGAINST THE CREDITOR FOR BREACHES OF THIS AGREEMENT.**

**8.** **THE CREDITOR ACKNOWLEDGES THAT IT IS AWARE AND WILL ADVISE ITS REPRESENTATIVES THAT THE UNITED STATES SECURITIES LAWS RESTRICT PERSONS WITH MATERIAL NON-PUBLIC INFORMATION ABOUT A COMPANY OBTAINED DIRECTLY OR INDIRECTLY FROM THAT COMPANY FROM PURCHASING OR SELLING SECURITIES OF SUCH COMPANY AND FROM COMMUNICATING SUCH INFORMATION TO ANY OTHER PERSON UNDER CIRCUMSTANCES IN WHICH IT IS REASONABLY FORESEEABLE THAT SUCH PERSON IS LIKELY TO PURCHASE OR SELL SUCH SECURITIES.**

**9.** **THIS AGREEMENT CONSTITUTES THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES WITH RESPECT TO THE CONFIDENTIAL INFORMATION AND/OR COMMITTEE CONFIDENTIAL INFORMATION PROVIDED HEREUNDER. NO AMENDMENT OR MODIFICATION OF THIS AGREEMENT SHALL BE VALID OR BINDING ON THE PARTIES UNLESS MADE IN WRITING AND EXECUTED ON BEHALF OF EACH PARTY BY ITS DULY AUTHORIZED REPRESENTATIVE.**

**10.** **THIS AGREEMENT MAY BE EXECUTED IN ONE OR MORE COUNTERPARTS EACH OF WHICH SHALL BE DEEMED AN ORIGINAL, BUT ALL OF WHICH TOGETHER SHALL CONSTITUTE ONE AND THE SAME AGREEMENT. FACSIMILE SIGNATURES TO THIS AGREEMENT SHALL BE DEEMED TO BE BINDING UPON THE PARTIES.**

**11. EACH PARTY REPRESENTS THAT IT HAS CAUSED THIS AGREEMENT TO BE EXECUTED ON ITS BEHALF AS OF THE DATE WRITTEN BELOW BY A REPRESENTATIVE EMPOWERED TO BIND THAT PARTY WITH RESPECT TO THE UNDERTAKINGS AND OBLIGATIONS CONTAINED HEREIN.**

*[Remainder of page intentionally left blank.]*

Executed and effective this ___day of _____, 20___.

Dated:                                  [CREDITOR]

By: _____
Name:
Title:

Dated:                                  Morrison & Foerster LLP

By: _____
Name:
Title:

*On behalf of the Official Committee of Unsecured Creditors of Innkeepers USA Trust, et al.*