James H.M. Sprayregen, P.C.
Paul M. Basta
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Anup Sathy, P.C.
Marc J. Carmel (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654-3406
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) | Case No. 10-13800 (SCC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER
EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS
MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

**PLEASE TAKE NOTICE** that a hearing (the "**Hearing**")[2] for the relief requested in the

above-referenced motion (the "**Motion**") will be held before the Honorable Shelley C. Chapman,

---

[1] The list of Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number can be found by visiting the Debtors' restructuring website at www.omnimgt.com/innkeepers or by contacting Omni Management Group, LLC at Innkeepers USA Trust c/o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 606, Encino, California 91436. The location of the Debtors' corporate headquarters and the service address for their affiliates is: c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

United States Bankruptcy Judge, in Courtroom No. 610 of the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, on **January 26, 2011 at 10:00 a.m. prevailing Eastern Time** or such other time as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion: (a) must be in writing; (b) shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), all General Orders of the Court, the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and the *Notice, Case Management, and Administrative Procedures* [Docket No. 68] (the "**Case Management Procedures**") approved by the Court; (c) shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court); and (d) shall be served to as to be actually received no later than **January 21, 2011 at 4:00 p.m. prevailing Eastern Time** by the entities on the Master Service List (as such term is defined in the Case Management Procedures), which is available at www.omnimgt.com/innkeepers, the website maintained by Omni Management Group, LLC, the Debtors' notice and claims agent. Only those objections that are timely filed, served, and received will be considered.

---

2  All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

| | |
|---|---|
| New York, New York<br>Dated: January 12, 2011 | /s/ *Paul M. Basta*<br>James H.M. Sprayregen, P.C.<br>Paul M. Basta<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022-4611<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>and<br><br>Anup Sathy, P.C.<br>Marc J. Carmel (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654-3406<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br><br>Counsel to the Debtors and<br>Debtors in Possession |

James H.M. Sprayregen, P.C.
Paul M. Basta
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Anup Sathy, P.C.
Marc J. Carmel (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654-3406
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) | Case No. 10-13800 (SCC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER
EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS
MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Innkeepers USA Trust and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), file this motion (this "**Motion**") for the entry of an order,

---

[1] The list of Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number can be found by visiting the Debtors' restructuring website at www.omnimgt.com/innkeepers or by contacting Omni Management Group, LLC at Innkeepers USA Trust c/o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 606, Encino, California 91436. The location of the Debtors' corporate headquarters and the service address for their affiliates is: c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

K&E 18253411

substantially in the form attached hereto as **Exhibit A**, (a) extending by 120 days, for each of the Debtors, the exclusive period during which only the Debtors may file a chapter 11 plan (the "**Exclusive Filing Period**") through and including May 30, 2011 and the exclusive period during which only the Debtors may solicit acceptances of a chapter 11 plan (the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the "**Exclusive Periods**") through and including July 29, 2011, without prejudice in either case to the right of the Debtors to seek further extensions of such periods.[2] In support of this Motion, the Debtors respectfully state as follows:

### Preliminary Statement

Over the course of the last several months, the Debtors have undertaken an extensive process to identify a stalking horse bidder to facilitate a path toward a successful conclusion to these chapter 11 cases. As part of this process, the Debtors, in consultation with their advisors, selected five potential plan sponsors from a list of several dozen potential investors that included large private equity firms and real estate-focused investors.[3] The Debtors and their advisors reviewed the four proposals subsequently received and engaged in extensive negotiations with the two parties that submitted the most competitive proposals.

Pursuant to this process, the Debtors have been negotiating with Five Mile Capital II Pooling REIT LLC ("**Five Mile**") and Lehman ALI Inc. ("**Lehman**" and, together with Five

---

[2] Pursuant to *Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof and Omnibus Objection to Motions to Terminate the Debtors' Exclusive Period* [Docket No. 699] (the "**First Exclusivity Extension Order**"), the Exclusive Filing Period and the Exclusive Solicitation Period are set to expire on January 30, 2011 and March 31, 2011, respectively.

[3] The Debtors selected the four other stalking horse candidates from a list of potential investors compiled by Moelis & Company LLC ("**Moelis**"), which was narrowed to the four potential bidders based on, among other criteria, the following: (a) availability of funds; (b) breadth and depth of experience within the lodging sector; (c) familiarity with the bankruptcy process; and (d) ability to execute due diligence in a timely manner.

2

Mile, "**Five Mile/Lehman**") to fund a chapter 11 plan of reorganization. The negotiation over the last month regarding a proposal from Five Mile/Lehman have been extensive. The Debtors are working to finalize the terms of the proposal, which contemplates an overbid process. The Debtors intend to provide a substantive update on the status of their plan process before the hearing.

## Jurisdiction

1. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**").

## Background

4. On July 19, 2010 (the "**Petition Date**"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee has been made in the Chapter 11 Cases. On July 28, 2010, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Creditors Committee.

5. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the Chapter 11 Cases is contained in the *Amended Declaration of*

3

*Dennis Craven, Chief Financial Officer of Innkeepers USA Trust, in Support of First-Day Pleadings* [Docket No. 33, as supplemented by Docket No. 516].

6. On October 27, 2010, the Debtors filed the *Debtors' Motion for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Soliciting Acceptances Thereof and Omnibus Objection to Motions to Terminate Exclusivity* (the "**First Exclusivity Extension Motion**") [Docket No. 610] seeking to extend the exclusive periods during which only the Debtors may file a chapter 11 plan and solicit acceptances thereof. A number of parties filed responses or objections [Docket Nos. 663, 665, 666, 667, 673, and 675], to which the Debtors filed a reply [Docket No. 691]. The Court entered an order approving an extension of the Debtors' exclusivity periods through and including January 30, 2011 and March 31, 2011 for the filing of a plan and the solicitation thereof, respectively.[4]

## Relief Requested

7. By this Motion, the Debtors request the entry of an order: (a) extending by 120 days the Exclusive Filing Period and the Exclusive Solicitation Period to May 30, 2011 and July 29, 2011, respectively; and (b) granting such other relief as is just and proper.

## Basis for Relief

### I. Cause Exists for the Court to Extend the Debtors' Exclusive Periods.

8. Section 1121(d) of the Bankruptcy Code permits a bankruptcy court to extend a debtor's exclusive period to file a chapter 11 plan and solicit acceptances thereof upon a demonstration of "cause." Specifically, section 1121(d)(1) states:

> [O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after

---

[4] *See Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Soliciting Acceptances Thereof and Omnibus Objection to Motions to Terminate Exclusivity* [Docket No. 699].

4

notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

9. Although the Bankruptcy Code does not define "cause," the legislative history indicates that "cause" is intended to be a flexible standard that balances the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595 at 231, 232 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6191. This flexibility is intended to give a debtor an adequate opportunity to stabilize its business operations at the outset of the case and to then negotiate a plan with its creditors. *See In re Ames Dep't Stores Inc.*, 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors.").

10. Courts in the Southern District of New York apply a nine-factor test in deciding whether "cause" exists to extend (or to terminate) a debtor's exclusive periods. *See, e.g.*, *In re Adelphia Commc'ns Corp. (Adelphia I)*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (citing *Dow Corning*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997)). These factors include:

  (1)  the existence of good faith progress toward reorganization;

  (2)  the fact that the debtors are paying their bills as they come due;

  (3)  the size and complexity of the cases;

  (4)  the necessity of sufficient time to permit the debtors to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

  (5)  whether the debtors have demonstrated reasonable prospects for filing a viable plan;

  (6)  whether the debtors have made progress in negotiations with their creditors;

  (7)  the amount of time that has elapsed in the cases;

(8) whether the debtors are seeking an extension of exclusivity to pressure creditors to submit to the debtors' reorganization demands; and

(9) whether an unresolved contingency exists.

*Id.* There is more than sufficient support for a finding of cause to extend the Debtors' Exclusive Periods in the Chapter 11 Cases.[5]

### A. The Debtors Are Making Good Faith Progress Toward Reorganization.

11. As described above, the Debtors are currently engaged in a comprehensive process to identify a plan sponsor in which the Debtors' key constituencies have actively participated. The Debtors intend to provide a substantive update on the status of their plan process before the hearing.

### B. The Debtors Are Paying Their Bills as They Come Due.

12. The Debtors are paying their bills as they come due. The Debtors have continued to deliver "Application Reports" as well as the other reports required under the Final Cash Collateral Order to the Debtors' prepetition lenders or their agents.[6] The Application Reports show that the Debtors' cash flows from operations have been sufficient to pay ordinary course expenses and that the Debtors have returned approximately $22.7 million to their lenders during the Chapter 11 Cases. Accordingly, the Debtors' record regarding the operation of their business during the Chapter 11 Cases provides further justification to grant the requested extension of the Exclusive Periods.

---

[5] *See In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (denying motion to terminate exclusivity and extending exclusivity on account of four supporting factors); *In re Interco Inc.*, 137 B.R. 999, 1001 (Bankr. E.D. Mo. 1992) (denying motion to terminate exclusivity on the basis of four supporting factors); *In re Texaco, Inc. (Texaco I)*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987) (holding that size and complexity of the chapter 11 case provided sufficient cause to extend exclusivity).

[6] *See Final Order Authorizing the Debtors to (i) Use the Adequate Protection Parties' Cash Collateral and (ii) Provide Adequate Protection to the Adequate Protection Parties Pursuant to 11 U.S.C. §§ 361, 362, and 363* [Docket No. 402].

6

### C. The Debtors' Chapter 11 Cases Are Large and Complex.

13. As discussed in the First Exclusivity Extension Motion, with 72 properties across 19 states and the District of Columbia operating under 16 different brands, approximately $1.4 billion in funded debt, and a capital structure with nine separate collateral packages, the 92 Debtor-cases, as jointly administered, constitute one of the largest bankruptcy proceedings filed in 2010 and are exceptionally complex in nature. In addition, the securitization of the Debtors' prepetition financing into commercial mortgage backed securities ("**CMBS**") and the real estate mortgage investment conduits at the center of CMBS structures create further issues that need to be addressed. The complexity of the Debtors' Chapter 11 Cases demands the attention of the Debtors and their advisors on operational and financial issues and complicates restructuring negotiations.

### D. The Debtors Have Not Had Sufficient Time to Permit Them to Negotiate a Plan of Reorganization and Prepare Adequate Information to Allow Creditors to Determine Whether to Accept Such Plan, and the Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan.

14. As this Court observed, "a debtor's exclusive period was intended by Congress to provide for an opportunity for the debtor to negotiate with its constituents and reach a consensual plan, a successful plan." Hr'g Tr. 423:2-5, Sept. 1, 2010. The Debtors have accomplished numerous objectives in their efforts to arrange a value-maximizing, consensual plan of reorganization. Provided that the Debtors are given sufficient time, the Debtors are confident that the contemplated process going forward will lead to a confirmed plan of reorganization. Terminating or otherwise limiting exclusivity, on the other hand, would distract the Debtors and parties in interest, increase administrative expenses, and significantly delay, if not completely undermine, the Debtors' ability to confirm a plan in these Chapter 11 Cases and the Debtors' efforts since the Court last extended the Exclusive Periods.

### E. Little Time Has Elapsed in These Chapter 11 Cases.

15. The Debtors' request for an extension of the Exclusive Periods is the Debtors' second and comes just around six months after the Petition Date. As discussed above, the Debtors have made significant strides forward thus far. But, as would be expected given the scope of what must be achieved in these complex Chapter 11 Cases, much work remains. The Debtors anticipate that, with the requested extension of the Exclusive Periods, they will be able to move towards concluding these Chapter 11 Cases in a successful and expeditious manner.

### F. The Debtors Are Not Pressuring Creditors to Submit to Any Reorganization Demands.

16. The Debtors' plan process invites participation from all of their key constituencies, and the Debtors seek to negotiate a plan that maximizes value, further supporting the relief requested herein. The Debtors believe that the comprehensive restructuring process they have been pursuing (including their negotiations with Five Mile, Lehman, and Midland) is feasible and is likely to maximize value. Affording the Debtors' enterprise a chance to follow this process to its completion is consistent with the central tenets of the chapter 11 process. *See River Bend-Oxford Assocs.*, 114 B.R. 111, 114 (Bankr. D. Md. 1990) ("Section 1121 is designed to afford a debtor an exclusive period in which to propose a plan [and] . . . furthers the purpose of a rehabilitation . . . .").

17. Accordingly, the nine-factor analysis clearly weighs in favor of extending the Exclusive Periods as requested. Courts in this jurisdiction and others have routinely granted similar relief. *See, e.g.*, *In re Extended Stay Inc.*, Case No. 09-13764 (Bankr. S.D.N.Y. Jan. 14, 2010) [Docket No. 722] (granting a second extension of 60 days); *In re Tronox Inc.*, Case No. 09-10156 (Bankr. S.D.N.Y. Dec. 10, 2009) [Docket No. 959] (granting a second extension of three months); *In re Charter Comm., Inc.*, Case No. 09-11435 (Bankr. S.D.N.Y. Nov. 19, 2009)

[Docket No. 926] (granting a second extension of 120 days); *In re Bearing Point, Inc.*, Case No. 09-10691 (Bankr. S.D.N.Y. Oct. 28, 2009) [Docket No. 1384] (granting a second extension of 75 days); *In re Chemtura Corp.*, Case No. 09-11233 (Bankr. S.D.N.Y. Oct. 22, 2009) [Docket No. 1335] (granting a second extension of three months); *In re Frontier Airlines Holdings, Inc.*, Case No. 08-11298 (Bankr. S.D.N.Y. Jan. 21, 2009) [Docket No. 727] (granting a second extension of four months); *In re Alper Holdings USA, Inc.*, Case No. 07-12148 (Bankr. S.D.N.Y. May 8, 2008) [Docket No. 217] (allowing a second extension of six months).

**Motion Practice**

18. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Bankruptcy Rule 9013-1(a).

**Notice**

19. The Debtors have provided notice of this Motion to the entities on the Master Service List (as such term is defined in the *Notice, Case Management, and Administrative Procedures* [Docket No. 68]), which is available at www.omnimgt.com/innkeepers, the website maintained by Omni Management Group, LLC, the Debtors' notice and claims agent. The Debtors respectfully submit that no further notice is necessary.

**No Prior Request**

20. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (a) grant the Motion to extend the Exclusive Periods and (b) grant such other further relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated: January 12, 2011 | /s/ *Paul M. Basta*<br>James H.M. Sprayregen, P.C.<br>Paul M. Basta<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022-4611<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>and<br><br>Anup Sathy, P.C.<br>Marc J. Carmel (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654-3406<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>Counsel to the Debtors<br>and Debtors in Possession |

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) ) ) | Case No. 10-13800 (SCC) |
| Debtors. | ) ) ) | Jointly Administered |

**SECOND ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Upon the motion (the "**Motion**")[2] of the Debtors, as debtors and debtors in possession, for the entry of an order (this "**Order**") (a) extending the exclusive periods during which only the Debtors may file a chapter 11 plan and solicit acceptances thereof and (b) granting such other relief as is just and proper; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

---

[1] The list of Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number can be found by visiting the Debtors' restructuring website at www.omnimgt.com/innkeepers or by contacting Omni Management Group, LLC at Innkeepers USA Trust c/o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 606, Encino, California 91436. The location of the Debtors' corporate headquarters and the service address for their affiliates is: c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

[2] All capitalized terms used by otherwise not defined herein shall have the meanings set forth in the Motion.

2. The Exclusive Filing Period is hereby extended through and including May 30, 2011, and the Exclusive Solicitation Period is hereby extended through and including July 29, 2011.

3. This Order is without prejudice to the Debtors' ability to seek further extensions of the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Dated: _____, 2011

United States Bankruptcy Judge

K&E 18253411