**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) | Case No. 10-13800 (SCC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER APPROVING CERTAIN OMNIBUS CLAIMS OBJECTION PROCEDURES

Upon the motion (the "**Motion**")[2] of the Debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for the entry of an order approving certain procedures for omnibus claims objections, all as more fully described in the Motion; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted.

---

[1]   The list of Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number can be found by visiting the Debtors' restructuring website at www.omnimgt.com/innkeepers or by contacting Omni Management Group, LLC at Innkeepers USA Trust c/o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 606, Encino, California 91436. The location of the Debtors' corporate headquarters and the service address for their affiliates is:  c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

[2]   All capitalized terms used but otherwise not defined herein shall have the meaning set forth in this Motion.

2.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy

Rules, or the Local Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c):    (a) the

Objection Procedures attached hereto as **Exhibit 1** are approved; (b) the form of Objection

Notice attached hereto as **Exhibit 2** is approved; and (c) the Debtors are authorized to file

Omnibus Objections that include objections to Claims on any basis set forth in Bankruptcy Rule

3007(d) or the Additional Grounds.

3.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

4.      All time periods set forth in this Order shall be calculated in accordance with

Bankruptcy Rule 9006(a).

5.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

6.      This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

New York, New York                         /S/ Shelley C. Chapman
Dated: March 29, 2011                      Honorable Shelley C. Chapman
                                           United States Bankruptcy Judge

2

**<u>Exhibit 1</u>**

**Objection Procedures**

K&E 18671037

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) | Case No. 10-13800 (SCC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS

On March 15, 2011, Innkeepers USA Trust and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of an Order Approving Certain Omnibus Claims Objection Procedures* (the "**Motion**")[2] with the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). On _____, 2011, the Court entered an order [Docket No. __] (the "**Order**") approving the Motion, including these "**Objection Procedures**."

### Omnibus Objections

1.  <u>Grounds for Omnibus Objections</u>.  In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Debtors may file omnibus objections (each, an "**Omnibus Objection**") to Claims on the grounds that such Claims, in part or in whole:

    a.    are inconsistent with the Debtors' books and records;

    b.    fail to specify the asserted Claim amount (other than "unliquidated");

    c.    seek recovery of amounts for which the Debtors are not liable;

    d.    are incorrectly or improperly classified;

    e.    have been formally withdrawn by the claimant through the filing of a pleading or a court order indicating withdrawal of the proof of claim;

---

[1]    The list of Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number can be found by visiting the Debtors' restructuring website at www.omnimgt.com/innkeepers or by contacting Omni Management Group, LLC at Innkeepers USA Trust c/o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 606, Encino, California 91436.  The location of the Debtors' corporate headquarters and the service address for their affiliates is:  c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

[2]    All capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

     f.      are filed against non-Debtors or are filed improperly against multiple Debtors;

     g.      fail to specify a Debtor against whom the proof of claim is asserted;

     h.      fail to sufficiently specify the basis for the proof of claim or provide sufficient supporting documentation therefor; and

     i.      should otherwise be disallowed pursuant to section 502 of the Bankruptcy Code.

2.     <u>Form of Omnibus Objection</u>.  Each Omnibus Objection will be numbered consecutively, regardless of basis.

3.     <u>Supporting Documentation</u>.  To the extent appropriate, Omnibus Objections may be accompanied by an affidavit or declaration from someone with personal knowledge of the Debtors' books and records and the manner in which they are maintained that states that the affiant or the declarant has reviewed the proofs of claim included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to reconcile the applicable proofs of claim with the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the applicable Claims.

4.     <u>Claims Exhibits</u>.  An exhibit listing the proofs of claim that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the proofs of claim to which there is a common basis for the objection.  Proofs of claim for which there is more than one basis for the objection will be referenced on each exhibit applicable thereto.  The exhibits will include, without limitation, the following information alphabetized by claimant:

     a.      the proofs of claim that are subject to the Omnibus Objection;

     b.      the asserted amount of each proof of claim that is subject to the Omnibus Objection;

     c.      the grounds for the objections;

     d.      a cross-reference to the portions of the Omnibus Objection specifically discussing the grounds for the objections to such proof of claim; and

     e.      other information, as applicable, including:  (i) the proposed classification of each Claim the Debtors seek to reclassify in the Omnibus Objection; (ii) the reduced Claim amounts of proofs of claim the Debtors seek to reduce in the Omnibus Objection; or (iii) the surviving Claims of proofs of claims the Debtors seek to expunge in the Omnibus Objection.

5.     <u>Objection Notice</u>. Each Omnibus Objection will be accompanied by a customized objection notice (the "**Objection Notice**") tailored, as appropriate, to address a particular claimant, Claim, or objection, which will include:

2

    a.      a description of the basic nature of the objection;

    b.      information relating to the rights of the applicable entity that may be affected by the objection;

    c.      identification of the hearing date, if applicable, and related information;

    d.      a description of how copies of proofs of claim, the Omnibus Objection, and other pleadings filed in the Chapter 11 Cases may be obtained;

    e.      the information necessary for affected claimants to attempt to resolve informally the objection to their proofs of claim and/or file a formal response thereto (each, a "**Response**") and the implications of failing to resolve or respond timely to such Omnibus Objection;

    f.      information relating to filing a reply to a filed response; and

    g.      information relating to hearings on Omnibus Objections.

6.    <u>Notice and Service</u>.  Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimants set forth on the proof of claim or their respective attorney of record and (b) the entities on the Master Service List (as such term is defined in the *Notice, Case Management, and Administrative Procedures* [Docket No. 68]), which are available at www.omnimgt.com/innkeepers, the website maintained by Omni Management Group, LLC, the Debtors' notice and claims agent.

7.    <u>Omnibus Hearings</u>.  Each Omnibus Objection will be scheduled at least 30 days after the date on which the Omnibus Objection is filed.

8.    <u>Contested Matter</u>.  Each proof of claim subject to an Omnibus Objection and the response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to each such Claim.

<u>**Responses to Omnibus Objections**</u>

9.    <u>Entities Required to File a Response</u>.  Any claimant who disagrees with an objection set forth in an Omnibus Objection may file a Response in accordance with the procedures set forth herein.  If a claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the objection with respect to such Claim without further notice to the claimant.

10.    <u>Response Contents</u>.  Each Response to an Omnibus Objection must contain the following (at a minimum):

    a.      a caption stating the name of the Court, the name of the Debtors, the case number and the Omnibus Objection to which the Response is directed;

3

b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such proof of claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.    a copy of any other documentation or other evidence of the Claim asserted in the proof of claim, to the extent not already included with the proof of claim, upon which the claimant will rely in opposing the Omnibus Objection; provided, however, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; and provided, further, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality protections;

d.    a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response, to the extent applicable; and

e.    the following contact information for the responding party:

(i)    the name, address, telephone number, and electronic mail (e-mail) address of the responding claimant or the name, address, telephone number, and electronic mail (e-mail) address of the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; provided that, if none is provided, any reply shall be properly served if served on the contact information provided on the applicable proof of claim or in the Debtors' Schedules if the objection is not to a proof of claim; or

(ii)    the name, address, telephone number, and electronic mail (e-mail) address of the entity with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

11.    Filing and Service of the Response.  A Response will be deemed timely only if it is filed by the response deadline set forth in the Omnibus Objection and with the Court in accordance with the Notice, Case Management, and Administrative Procedures [Docket No. 68], which is available at www.omnimgt.com/innkeepers or by contacting the Debtors' counsel, and served to as to be actually received by the entities on the Master Service List by the deadline to file Responses.

12.    Failure to Respond.  Absent reaching an agreement with the Debtors resolving the Omnibus Objection to a Claim (as described in the Objection Notice), failure to file and serve timely a Response as set forth herein or to attend the hearing scheduled for the Omnibus Objection to a claimant's Claims may result in the Court granting the Omnibus Objection with respect to such Claim without further notice or hearing.

4

**Miscellaneous**

13.    <u>Additional Information</u>.  Copies of these Objection Procedures, the Motion, the Order, and any other pleadings filed in these Chapter 11 Cases are available, free of charge at www.omnimgt.com/innkeepers, the website maintained by Omni Management Group, LLC, the Debtors' noticing and claims agent.

14.    <u>Reservation of Rights</u>.    NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS (A) TO DISPUTE ANY CLAIMS, (B) TO ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, OR DEFENSES TO ANY CLAIM, (C) TO OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT OR TO CLAIMS ON THE DEBTORS' SCHEDULES) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION TO ANY CLAIM, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR (D) TO SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.

K&E 18671037

**<u>Exhibit 2</u>**

**Proposed Objection Notice**

James H.M. Sprayregen, P.C.
Paul M. Basta
Stephen E. Hessler
Brian S. Lennon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Anup Sathy, P.C.
Marc J. Carmel (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654-3406
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) | Case No. 10-13800 (SCC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF DEBTORS' [___] OMNIBUS**
**CLAIMS OBJECTION TO CERTAIN PROOFS OF CLAIM**

**[Creditor Name]:**

---

[1]    The list of Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number can be found by visiting the Debtors' restructuring website at www.omnimgt.com/innkeepers or by contacting Omni Management Group, LLC at Innkeepers USA Trust c/o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 606, Encino, California 91436. The location of the Debtors' corporate headquarters and the service address for their affiliates is: c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

PLEASE TAKE NOTICE that Innkeepers USA Trust and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") filed an objection (the "**Omnibus Objection**")[2] to certain [wrong debtor/redundant/no basis/reduced and reclassified/amended and replaced/duplicative/late filed/split and allow] Claims.  The Omnibus Objection is appended to this "Objection Notice" and is titled *Debtors' [  ] Omnibus Objection to Certain Proofs of Claim*.

PLEASE TAKE FURTHER NOTICE that you have filed one or more proofs of Claim (each, a "**Claim**") in the Debtors' chapter 11 cases to which the Debtors have filed the Objection (each, a "**Disputed Claim**").  <u>Your Disputed Claims may be disallowed, expunged, reclassified, reduced, or otherwise affected as a result of the Omnibus Objection. Therefore, you should read this Objection Notice and the Omnibus Objection carefully</u>.

<u>**Important Information Regarding the Omnibus Objection**</u>

PLEASE TAKE FURTHER NOTICE of:

<u>**Grounds for the Objection**</u>.  By the Omnibus Objection, the Debtors are seeking to [disallow/expunge/reclassify/reduce/otherwise affect] your Claim(s) listed in the table below on the grounds that your Claim(s) [is/are] [filed against the wrong Debtor/redundant/lacking basis/in an amount higher than what is listed on the Debtors' books and records/duplicative/late filed/amended and replaced by a later filed Claim].

| Date Claim Filed | Claim Number Assigned by Debtors | Debtor Against Which Claim Asserted | Asserted Claim Amount[3] | Basis for Objection | Treatment Proposed in the Omnibus Objection | [New] Claim Proposed in the Omnibus Objection |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

<u>**Objection Procedures**</u>.  On _____, 2011, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered an order [Docket No. ____] approving procedures for filing and resolving objections to Claims asserted against the Debtors in the Chapter 11 Cases (the "**Objection Procedures**").  Review the Objection Procedures to ensure your response to the Omnibus Objection, if any, is timely and correctly filed and served.

<u>**Resolving Objections**</u>.  To facilitate the consensual resolution of Omnibus Objections, certain of the Debtors' personnel will be available to discuss and potentially resolve Omnibus Objections to disputed Claims without the need for filing a formal response or attending a hearing.  To facilitate such a discussion, please contact Jonathan Zinman at Kirkland & Ellis LLP (the Debtors' restructuring counsel) by (i) emailing jonathan.zinman@kirkland.com or (ii) calling (212) 446-4852 within 21 calendar days after the date of this Objection Notice.

---

2    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Objection.

3    Asserted claim amounts listed as $0.00 reflect that the claim amount asserted is unliquidated.

2

Please have your proof(s) of Claim and any related material available for any such discussions. Please note that all legal matters will be referred to the Debtors' counsel.

**Parties Required to File a Response**.  If you are <u>not</u> able to resolve consensually the Omnibus Objection filed with respect to your proof of claim before the deadline to respond to the Omnibus Objection, you <u>must</u> file a response (each, a "**Response**") with the Court in accordance with the procedures described below to contest the relief sought in the Omnibus Objection. ABSENT REACHING AN AGREEMENT WITH THE DEBTORS RESOLVING THE OMNIBUS OBJECTION TO A CLAIM, FAILURE TO FILE AND SERVE TIMELY A RESPONSE AS SET FORTH HEREIN OR TO ATTEND THE HEARING SCHEDULED FOR THE OMNIBUS OBJECTION TO A CLAIMANT'S CLAIMS MAY RESULT IN THE COURT GRANTING THE OMNIBUS OBJECTION WITH RESPECT TO SUCH CLAIM WITHOUT FURTHER NOTICE OR HEARING.

**Response Contents**.  Each Response must contain the following (at a minimum):

a.      a caption stating the name of the Court, the name of the Debtors, the case number and the Omnibus Objection to which the Response is directed;

b.      a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such proof of claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.      a copy of any other documentation or other evidence of the Claim asserted in the proof of claim, to the extent not already included with the proof of claim, upon which the claimant will rely in opposing the Omnibus Objection; <u>provided</u>, <u>however</u>, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; and <u>provided</u>, <u>further</u>, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality protections;

d.      a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response, to the extent applicable; and

e.      the following contact information for the responding party:

(i)      the name, address, telephone number, and electronic mail (e-mail) address of the responding claimant or the name, address, telephone number, and electronic mail (e-mail) address of the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; <u>provided</u> that, if none is provided, any reply shall be properly served if served on the contact information provided on the applicable proof of claim or in the Debtors' Schedules if the objection is not to a proof of claim; or;

3

(ii)    the name, address, telephone number, and electronic mail (e-mail) address of the entity with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

**PLEASE TAKE FURTHER NOTICE** that a Response will be deemed timely only if it is filed with the Court by [DATE] and otherwise complies with the Notice, Case Management, and Administrative Procedures [Docket No. 68], which are available at www.omnimgt.com/innkeepers or by contacting the Debtors' counsel, and served so as to be actually received by the entities on the Master Service List by the deadline to file Responses.

### Hearing on the Objection

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "**Hearing**") to consider the relief requested in the Omnibus Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom No. 610 of the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, on **[ ] at [ ] prevailing Eastern Time** or such other time as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that each Claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to each such Claim.

### Additional Information

**PLEASE TAKE FURTHER NOTICE** that copies of these Objection Procedures, the Motion, the Order, and any other pleadings filed in these Chapter 11 Cases are available, free of charge at www.omnimgt.com/innkeepers, the website maintained by Omni Management Group, LLC, the Debtors' noticing and claims agent. Please note that questions regarding the amount of your Claim should be directed to Ray Adams at radams@alixpartners.com as set forth above and legal questions should be directed to (and will be referred by the foregoing parties to) Jonathan Zinman of the Debtors' counsel, Kirkland & Ellis LLP, at jonathan.zinman@kirkland.com. **Please do not contact the Court to discuss the merits of Claim or any Omnibus Objection filed with respect thereto**.

**PLEASE TAKE FURTHER NOTICE** that nothing in this Objection Notice or the accompanying Omnibus Objection is or shall be deemed to constitute a waiver of any rights of the Debtors (a) to dispute any Claims, (b) to assert counterclaims, rights of offset or recoupment, or defenses to any Claims, (c) to object to Claims (or other claims or causes of action of a claimant or to Claims on the Debtors' Schedules) on any grounds not previously raised in an objection to any Claim, unless the Court has allowed a Claim or ordered otherwise, or (d) to seek to estimate any Claim at a later date. All parties reserve the right to assert additional objections to your proof(s) of Claim.

4