```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
```

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) ) ) | Case No. 10-13800 (SCC) |
| Debtors. | ) ) ) | Jointly Administered |

**ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING (I) STIPULATION BY AND BETWEEN DEBTORS, LNR PARTNERS LLC, AND AD HOC COMMITTEE OF PREFERRED SHAREHOLDERS AND (II) BREAK-UP FEE AND EXPENSE REIMBURSEMENT FOR CHATHAM LODGING L.P.**

Upon the motion (the "**Motion**")[2] of the Debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for the entry of an order (this "**Order**") approving (a) the Stipulation and (b) a break-up fee and expense reimbursement for Chatham Lodging L.P. ("**Chatham L.P.**"); and upon the *Declaration of William Q. Derrough in Support of the Debtors' Motion for Entry of an Order Approving a Break-Up Fee and Expense Reimbursement for Chatham Lodging L.P.*; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and

---

[1] The list of Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number can be found by visiting the Debtors' restructuring website at www.omnimgt.com/innkeepers or by contacting Omni Management Group, LLC at Innkeepers USA Trust c/o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 606, Encino, California 91436. The location of the Debtors' corporate headquarters and the service address for their affiliates is: c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. The Stipulation is approved in all respects.

3. The Chatham Bid Protections are approved in all respects.

4. The Chatham Bid Protections shall constitute, in accordance with Section 364(c)(1) of the Bankruptcy Code, an allowed super-priority administrative claim against the Sellers (as defined in the Chatham APA) having priority over any or all administrative expenses of the kind specified in, among other sections, sections 105, 326, 330, 331, 503(b), 506(c), 507(a) and (b), and 726 of the Bankruptcy Code; provided however that, to the extent allowed by the Final Order Authorizing The Debtors To Obtain Postpetition Senior Secured Super-Priority Debtor-In-Possession Financing From Five Mile Capital II Pooling International LLC Pursuant To 11 U.S.C. §§ 105, 361, 362, 364(C), 364(D) and 364(E) [Docket No. 400] (the "**DIP Order**"), such super-priority administrative claims against KPA RIMV, LLC and KPA Tysons Corner RI, LLC shall be *pari passu* with the super-priority administrative claims granted to Five Mile Capital II Pooling International LLC (the "**DIP Claims**") pursuant to the DIP Order, but if it is determined by an order of the Bankruptcy Court that the granting of such claims would result in an Event of Default under the DIP Order then the super-priority administrative claims with respect to KPA RIMV, LLC and KPA Tysons Corner RI, LLC shall be subordinate to the DIP Claims.

5. The Structuring Fee (as defined in the Stipulation) shall constitute, in accordance with Section 364(c)(1) of the Bankruptcy Code, an allowed super-priority administrative claim against the LNR Debtors having priority over any or all administrative expenses of the kind specified in, among other sections, sections 105, 326, 330, 331, 503(b), 506(c), 507(a) and (b),

K&E 18970771

and 726 of the Bankruptcy Code; provided however that, to the extent allowed by the DIP Order, such super-priority administrative claims against KPA RIMV, LLC and KPA Tysons Corner RI, LLC shall be *pari passu* with the DIP Claims pursuant to the DIP Order, but if it is determined by an order of the Bankruptcy Court that the granting of such claims would result in an Event of Default under the DIP Order then the super-priority administrative claims with respect to KPA RIMV, LLC and KPA Tysons Corner RI, LLC shall be subordinate to the DIP Claims.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, including entry into and performance of the Stipulation.

7. In the event of any inconsistencies between this Order and the Motion or the Chatham Bid Protections, this Order shall govern in all respects.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: May 16, 2011

                                      */s/ Shelley C. Chapman*
                                      United States Bankruptcy Judge