**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) | Case No. 10-13800 (SCC) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER (I) AUTHORIZING FIXED/FLOATING DEBTORS TO ENTER INTO SECOND AMENDED COMMITMENT LETTER, (II) APPROVING (A) MODIFICATIONS TO FIXED/FLOATING PLAN AND CONFIRMATION ORDER AND (B) AMENDED NEW HOLDCO/MIDLAND COMMITMENT, (III) AUTHORIZING FIXED/FLOATING DEBTORS TO SETTLE ADVERSARY PROCEEDING UPON CONSUMMATION OF MODIFIED FIXED/FLOATING PLAN**

Upon the motion (the "**Motion**")[1] of the Fixed/Floating Debtors, as debtors and debtors in possession (collectively, the "**Fixed/Floating Debtors**"), for the entry of an order (this "**Order**") (i) authorizing the Fixed/Floating Debtors' entry into the Second Amended Commitment Letter, (ii) approving the (a) modifications to the Confirmed Fixed/Floating Plan and Confirmation Order without need to resolicit and (b) Amended New HoldCo/Midland Commitment, and (iii) authorizing the Fixed/Floating Debtors to settle the Adversary Proceeding upon consummation of the Modified Fixed/Floating Plan; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and, after due deliberation and sufficient cause appearing therefor, it is HEREBY

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. The Second Amended Commitment Letter, attached hereto as **Exhibit 1**, is hereby approved and binding on all parties thereto to the extent provided therein.

3. The Modified Fixed/Floating Plan, attached hereto as **Exhibit 2**, is hereby approved to the extent provided therein.

4. The Amended New HoldCo/Midland Commitment, attached hereto as **Exhibit 3**, is hereby approved and binding on all parties thereto.

5. Pursuant to the Second Amended Commitment Letter and the Modified Fixed/Floating Plan, the Holder of the Allowed Class FF3A Claims, the Holder of the Allowed Class FF3B Claims, and the Holder of the Allowed Class FF4 Claims have consented to the Modified Fixed/Floating Plan.

6. Each of the parties to the Second Amended Commitment Letter is directed to use its reasonable best efforts to consummate the transactions set forth in the Second Amended Commitment Letter and the Modified Fixed/Floating Plan in a timely manner.

7. Subject to the consummation of the transactions contemplated by the Second Amended Commitment Letter and the Modified Fixed/Floating Plan, and in accordance with the terms thereof, the settlement of the Adversary Proceeding is hereby approved. The Adversary Proceeding shall be dismissed with prejudice upon the Effective Date of the Fixed/Floating Plan.

8. The Fixed/Floating Debtors are not required to resolicit acceptances of the Confirmed Fixed/Floating Plan, as modified, or prepare and distribute a new disclosure statement with respect thereto, and the Confirmed Fixed/Floating Plan, as modified, is deemed accepted by all creditors who have previously voted to accept the Confirmed Fixed/Floating Plan.

9. This Order is without prejudice to any of the Debtors' rights to seek further modifications to the Confirmed Fixed/Floating Plan in accordance with section 1127 of the Bankruptcy Code and in accordance with the terms of the Confirmed Fixed/Floating Plan or of other parties to seek relief that might be appropriate.

10. In the event the Second Amended Commitment Letter is terminated for any reason, the Fixed/Floating Debtors shall have the right, pursuant to the terms of the Second Amended Commitment Letter, to withdraw the Modified Fixed/Floating Plan and to treat the Confirmed Fixed/Floating Plan [Docket No. 1799] as being in full force and effect.

11. Paragraph 235 of the Confirmation Order is hereby modified, as follows:

- On and as a condition to the occurrence of the Effective Date of the Fixed/Floating Plan, (a) on account of its Class FF3B claims against the Fixed/Floating Debtors, Lehman shall, in accordance with the Plan, receive a Cash payment of $224,000,000.00 (the "**Lehman Cash Payment**"); and (b) the Lehman DIP Lender shall receive payment in full in Cash of all claims derived from or based upon the Lehman DIP Agreement (the "**Lehman DIP Cash Payment**"), which are hereby deemed Allowed Claims. The Bankruptcy Court shall have jurisdiction over any dispute with respect to the pay-off amount of the Lehman Cash Payment or the Lehman DIP Cash Payment. Notwithstanding anything to the contrary contained in this Order, the Fixed/Floating Plan, the Disclosure Statement, or the Plan Supplement, Lehman and the Lehman DIP Lender's claims and liens against the applicable Fixed/Floating Debtors and the assets of the applicable Fixed/Floating Debtors shall remain in full force and effect and shall not be extinguished until the Lehman Cash Payment and the Lehman DIP Cash Payment have been received by Lehman and the Lehman DIP Lender, respectively.

12. Subject to paragraph 10 of this Order, paragraph 155 of the Confirmation Order shall have no further force or effect.

13. The following paragraph shall be deemed incorporated into the Confirmation Order:

- The transaction contemplated by the Second Amended Commitment Letter involving an investment by the Fixed/Floating Plan Sponsors in the

K&E 20090494

Fixed/Floating Hotels, including, without limitation, any sale, transfer, assignment, assumption, or modification of a franchise entered into therewith or contemplated thereby (a) shall be deemed to qualify for the large franchise exemptions to the Federal Trade Commission's Franchise Rule disclosure requirements, found at 16 CFR § 436.8(5)(i) and (ii); and (b) may proceed without the necessity of compliance with any state or local statute or ordinance requiring notice, approval, or a waiting period before a franchise can be sold, transferred, assigned, assumed, or modified.

14. In the event of any inconsistencies between this Order and the Motion, this Order shall govern in all respects.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October 21, 2011
New York, New York

                                             */s/ Shelley C. Chapman*
                                          HONORABLE SHELLEY C. CHAPMAN
                                          UNITED STATES BANKRUPTCY JUDGE